### FINNEY *vs.* MAYER & COMPANY.

Discharge granted in bankruptcy, pending a suit in the state court, commenced before the proceedings in bankruptcy and duly served, is matter for plea in such suit. It cannot, after judgment in that suit, be set up by affidavit of illegality attacking the judgment.

Bankruptcy. Judgments. Illegality. Before Judge HILLYER. Fulton Superior Court. October Term, 1877.

On August 6th, 1874, Mayer & Co. commenced suit against Finney. On the 14th of the same month the latter filed his petition in bankruptcy. The process attached to the declaration was dated August 18th, and defendant was served on the 26th. On the preceding day he was adjudged a bankrupt. At the spring term, 1875, of the superior court, the case was continued without an entry. The succeeding fall term convened on October 3d, and on the next day defendant was discharged in bankruptcy by the district court of the United States. On October 7th the superior court adjourned until the 10th, and judgment was rendered in favor of plaintiffs against defendant on the 13th. No pleas were filed. On the 20th execution issued, and on the 6th of the following November a levy was made, in response to which defendant set up his discharge in bankruptcy by affidavit of illegality.

The court overruled the ground of illegality taken, and ordered the execution to proceed. To this defendant excepted.

John A. Wimpey, for plaintiff in error, cited, Bump. on Bank., 729, 730, 738; 4 *Ga.*, 175.

George S. Thomas; T. P. Westmoreland, for defendants.

Bleckley, Justice.

By statute, the commencement of suit is the filing of the declaration. There was due service, and no further proceedings took place until after the discharge in bankruptcy was granted. There was full opportunity to plead the discharge before judgment was rendered. There is no legal basis for the affidavit of illegality. It cannot vacate the judgment; most certainly, the judgment is not void, but valid and conclusive.

Judgment affirmed.