THE EAST TENNESSEE, VIRGINIA AND GEORGIA RAILROAD vs. MILES.

Where suit was brought in a justice's court for $60.00 damages and $20.00 attorneys' fees, and after judgment for the plaintiff for $60.00, the defendant gave notice of an intention to appeal to the superior court, but before it had done so, the plaintiff entered an appeal to a jury in the justice's court; the subsequent entry of the appeal to the superior court did not serve to remove the case from

the justice's court, or to divest the jurisdiction of that court, though within four days from the judgment.

BLANDFORD, J., dissenting.

April 15, 1884.

Appeal. Before Judge MERSHON. Appling Superior Court. October Term, 1883.

Reported in the decision.

V. E. McLENDON; GOODYEAR & KAY, for plaintiff in error.

G. J. HOLTON & SON, by HENRY B. TOMPKINS, for defendant.

BLANDFORD, Justice.

The plaintiff in error was sued for killing a calf, valued at sixty dollars, and twenty dollars for counsel fees, by defendant in error. The justice rendered judgment for the plaintiff for sixty dollars. The plaintiff in error gave notice that he would appeal the case to the superior court, and did, within the time allowed by law, enter an appeal to the superior court. The defendant in error, before the appeal of plaintiff in error was entered to the superior court, entered an appeal to a jury in the justice's court. The judge of the superior court, upon *certiorari*, held that the appeal to a jury in a justice's court had precedence, and this ruling is complained of.

For myself, I think that it makes no difference which appeal was entered in point of time first, when both appeals were entered within the time allowed by law; that the appeal to the superior court ousted the justice's court of all jurisdiction, and removed the whole case to the superior court. Code, §§3628, 3627. The superior courts of this state are vested with appellate jurisdiction in all cases provided by law. Const. of Ga., Article 6, par. 4, Code, §5142. To allow an appeal to a jury in a justice's

court to take precedence of an appeal to the superior court, would be to deprive the latter court of this jurisdiction expressly provided by the constitution of this state.

When the law allows the right of appeal to two parties whose rights are antagonistic, at one and the same time, and one enters an appeal to a jury in a justice's court, and the other enters an appeal to the superior court, I think an appeal to the latter court, it being a court of general jurisdiction, a court of record, should prevail; besides, when an appeal is made from an inferior jurisdiction to a superior, it is the means provided by law for the removal of the case from the inferior to the superior jurisdiction, and when entered the case is no longer in the inferior judicatory.  So that I think the superior court erred in refusing the writ of *certiorari.*

But my associates think that, as the appeal was entered to a jury in the justice's court before the appeal was entered by plaintiff in error to the superior court, although both appeals were entered in time, the case was not removed to the superior court, under the act of 1882, p. 44, but remained in the justice's court, and that the judgment of the court below should be affirmed.

Judgment affirmed.