### 3571.  McDOUGALD v. CHATTANOOGA MEDICINE CO.

1. When an appeal is entered from a judgment of a justice's court to a jury in the superior court, the former court loses all jurisdiction of the case; and if, by mistake, an appeal from the same judgment to a jury in the justice's court is subsequently entered, and a verdict is returned on the latter appeal and a judgment entered thereon, the latter proceedings are mere nullities.

2. If the defendant in a suit in a State court desires a stay of the proceedings therein, because of his having been adjudicated a bankrupt, until the application for his discharge can be heard and decided by the bankruptcy court, or if he desires to set up his discharge as a defense to such suit, he must plead the adjudication or the discharge. After judgment has been rendered in the State court he can not attack the validity of the judgment therein and move the court to set aside the judgment or to treat it as a "nullity," either because of the pendency of the bankruptcy proceedings or because of his discharge in bankruptcy from the debt on which the judgment is based. Bankruptcy proceedings must be pleaded and proved, if relied upon. Courts other than a bankruptcy court will not take judicial cognizance of such proceedings.

DECIDED MARCH 6, 1912.

Motion to set aside judgment; from Fulton superior court— Judge Bell. March 25, 1911.

*S. C. Crane*, for plaintiff in error. *Walter C. Hendrix*, contra.

HILL, C. J. The procedure in this case is somewhat anomalous. The plaintiff in error calls it a motion to treat the judgment of the superior court as a "nullity." In some doubt as to the charac-

ter of his pleadings, he asks that this motion be treated by this court as a motion for a new trial. We think it is more properly a motion to set aside a judgment rendered by the superior court on the facts stated in the motion. From a confused record we have, after some study, evolved the following to be the case: From a judgment in favor of the plaintiff in a suit on an account in a justice's court the defendant entered an appeal to a jury in the superior court. After the appeal papers had been transmitted to the clerk of the superior court the defendant—presumably by inadvertence—entered an appeal from the same judgment to a jury in the justice's court; and a verdict was rendered on the latter appeal and a judgment entered thereon. Subsequently the attention of the justice was called to the fact that an appeal had previously been entered to a jury in the superior court in the same case, and he treated as nugatory the appeal to the jury in the justice's court.

After verdict and judgment in favor of the plaintiff, on the appeal in the superior court, the defendant, at the same term of the court, filed a motion to treat this judgment as a nullity, upon the following grounds: (1) Because the defendant, after judgment was rendered in the justice's court, filed his petition in bankruptcy in the district court of the United States for the northern district of Georgia, and listed in his bankruptcy schedule his debt to the plaintiff, and the judgment rendered thereon in the justice's court, as one of his provable debts. (2) That on the said petition in bankruptcy the defendant was adjudged a bankrupt, "and has made his application for a final discharge, and a final discharge would be a release from [the plaintiff's] claims," and, therefore, the judgment in the superior court against him should be "vacated and treated as a nullity," and the execution issued on the judgment be stayed until the final disposition of the defendant's application for discharge by the district court. To this motion the movant offered an amendment setting up the following additional grounds: (1) That the plaintiff was bound by the verdict and judgment in the justice's court, and had no right in law to proceed further in the case in the superior court until the verdict and judgment had been reversed and set aside or declared a nullity by order of the justice or of the superior court; that the verdict and judgment in the justice's court ended the case so far as the plaintiff was concerned, and there was no suit pending against the defendant and the se-

curity upon the appeal bond at the time that the papers were sent to the superior court. (2) That the act of the plaintiff in proceeding further in the case in the superior court, after the papers had been sent up by the justice of the peace, was a fraud on the court as well as on the movant, because it was the duty of the plaintiff, when the case was called for trial in the superior court, to inform the court that the defendant had filed his petition in the bankruptcy court and had listed the plaintiff's claims as one of his provable debts, and also to inform the court that the verdict and judgment had been taken in the justice's court, so that the superior court would have been informed as to the true status of the case between the parties and the court; that for these reasons the judgment should be set aside as a nullity, and a new trial be granted to the defendant, and he be allowed to file his plea of bankruptcy. This amendment was disallowed, and to this ruling the defendant excepted. The judge of the superior court denied the motion to treat the judgment as a nullity, and to this also the defendant excepted.

After reviewing the case we find no merit in the motion, even if the amendment had been allowed, although we frankly confess that we are not entirely clear as to what are the contentions of the plaintiff in error. He apparently objects to the conduct of the justice of the peace in treating the appeal entered to a jury in his court and the verdict rendered by the jury thereon as nugatory, in view of the fact that an appeal had previously been entered to a jury in the superior court from the judgment of the justice's court. He proceeds on the idea that the justice of the peace, after having rendered a judgment in the case, could not set it aside. This is true, but where a justice's court, as in the present case, renders a judgment on a verdict of a jury in that court after an appeal has been entered to a jury in the superior court, the judgment in the justice's court is entirely void, and the justice himself, as well as any other court, can legally disregard it and treat it as a nullity whenever and wherever it may be brought in question (*Fontaine* v. *Bergen*, 55 *Ga.* 410) ; and the court may proceed in such case as though such verdict and judgment had not been rendered. *Chapman* v. *Boyd*, 68 *Ga.* 455. Manifestly, after an appeal had been entered in the justice's court from the judgment therein to a jury in the superior court, the justice's court lost jurisdiction entirely of the case, and there was no case pending therein on which any

further proceedings could be taken; and, consequently, the verdict rendered on the appeal from the judgment of the justice to a jury in that court, and the judgment of the justice thereon, were mere nullities.

The real point insisted upon by the plaintiff in error is that the judgment in the superior court should be treated as a nullity because, after the suit had been filed in the justice's court and an appeal entered to the superior court, he filed his petition in bankruptcy, listing the plaintiff's claim in the schedule as one of his provable debts. No plea setting up the bankruptcy proceedings was filed in the justice's court or in the superior court. It is stated, in the motion made to treat the judgment as a nullity, that counsel for the defendant had called the attention of the justice of the peace to the fact that these bankruptcy proceedings had been filed and were pending. A motion to set aside a judgment on account of bankruptcy, where bankruptcy is not pleaded, will not be sustained. *Pulliam* v. *Dillard*, 71 *Ga.* 599. If a defendant desires a stay of the proceedings until his application for discharge can be passed upon by the bankruptcy court, or if he desires to set out his discharge as a defense, he must do so by a plea in the suit and before a judgment is rendered against him. He can not, after judgment is rendered against him, attack such judgment on either ground by affidavit of illegality or otherwise. *Finney* v. *Mayer*, 61 *Ga.* 500; *Farmers & Traders Bank* v. *University Pub. Co.*, 9 *Ga. App.* 128 (5), (70 S. E. 602). Certainly the trial judge could not take judicial cognizance of the pendency of bankruptcy proceedings against the defendant. *Woodward* v. *McDonald*, 116 *Ga.* 750 (42 S. E. 1030). There was no error in the judgment of the superior court, overruling the motion to treat as a nullity its judgment rendered in the case.

*Judgment affirmed. Pottle, J., not presiding.*