## CRAWFORD *v.* BOSTWICK-GOODELL COMPANY *et al.*

Discharge granted in bankruptcy, pending a suit commenced in a State court before the proceedings in bankruptcy, and duly served, is matter for plea in such suit. The enforcement of a judgment, which was rendered in such suit after the discharge, will not be enjoined because of it.

FEBRUARY 19, 1914.

Petition for injunction. Before Judge Pendleton. Fulton superior court. November 6, 1913.

*Poole & Lewis,* for plaintiff. *Daley & Chambers* and *Horton Brothers & Burress,* for defendants.

EVANS, P. J. A judgment creditor was seeking to enforce his judgment by process of garnishment, when the defendant filed a petition to enjoin the garnishment proceedings, on the ground that the judgment debt had been discharged in bankruptcy. It appears that pending the suit which eventuated in the judgment the

defendant was adjudged a bankrupt, but no plea setting up his discharge was filed in bar of the judgment which was subsequently rendered. An attack was made in the pleadings on the judgment as having been rendered without notice according to the rules of court; but it is not necessary to notice this point, for the reason that it is certified in the bill of exceptions that "the only point insisted on by plaintiff was that the judgment was proceeding illegally, for the reason that the same was proceeding against property acquired by plaintiff after his discharge in bankruptcy; and the court ruled that a judgment obtained against a bankrupt after his discharge could be enforced against any property belonging to plaintiff, whether acquired before or after his discharge." The ruling of the court was manifestly right. In order for the plaintiff to avail himself of his discharge, he should have pleaded it in the pending suit. Failing to plead it, the subsequent judgment is not affected by such discharge, and is an enforceable lien against any property of the defendant. *Finney* v. *Mayer,* 61 *Ga.* 500.

*Judgment affirmed. All the Justices concur.*