7988.   CONTINENTAL AID ASSOCIATION v. HAND.

1. Where suit was brought in a justice's court, and, after judgment for the plaintiff, he, being dissatisfied with the amount thereof, entered an appeal to a jury in that court, the subsequent entry of an appeal to the superior court by the defendant did not serve to remove the case from the justice's court, or to divest it of its jurisdiction, even though both appeals were entered within the time allowed by law for entering such appeals.

2. The evidence authorized the verdict and judgment in the justice's court, and accordingly the court did not err in overruling the certiorari.

DECIDED APRIL 4, 1917.

Certiorari; from Floyd superior court—Judge Wright. October 23, 1916.

*Harris & Harris,* for plaintiff. *L. H. Covington,* for defendant.

LUKE, J. Suit was instituted in a justice's court, and the plaintiff obtained a judgment against the defendant on February 3, 1916. The plaintiff was dissatisfied with the amount of the judgment, and on February 4 entered his appeal to a jury in the justice's court. Subsequently (February 7) the defendant entered its appeal to a jury in the superior court. When the case came up for trial before a jury in the justice's court the defendant's attorney objected to its being tried in that court, on the ground that it was pending on appeal in the superior court. The objection was overruled, and, the trial having resulted in a verdict for the plaintiff, the defendant sued out certiorari; the certiorari was overruled and the defendant excepted. The question for determination is: Which appeal is good in law? This question is controlled by the "miller's rule." Section 4741 of the Civil Code of 1910 provides: "In all cases in a justice's court where an appeal can be entered to a jury in the superior court, it shall be lawful for such appeal to be entered to a jury in either the justice court or the superior court; any case appealed to a jury in one court shall not be appealed to a jury in the other court." The plaintiff selected the court of proper jurisdiction in which to submit his cause, and exercised the right of appeal first, and appealed his case to a jury in the same court. The appeal of the plaintiff took precedence of the appeal entered to a jury in the superior court. This ruling is not in conflict with that in the case of *McDougald* v. *Chattanooga Medicine Company,* 10 *Ga. App.* 653 (73 S. E. 1089). The precise question raised in the present case is decided in the case of *East Tennessee &c. Railroad* v. *Miles,* 72 *Ga.* 252. The case as appealed was submitted to the proper court, the evidence authorized the verdict, and the court did not err in overruling the certiorari.

*Judgment affirmed. Wade, C. J., and George, J., concur.*