## 12384. CRAIG *v.* CAMERON.

Where the defendant in a suit on a promissory note made a defense by his original plea, and subsequently, by an amendment, set up bankruptcy proceedings pending against him in the Federal court and asked for a stay of the proceeding, under the provisions of the bankruptcy law, but on the trial of the case relied solely upon his defense as made by his original plea, and did not bring to the attention of the court the amendment by which he asked for a stay of the proceeding, nor invoke any action of the trial court thereon, but only contested the right to a judgment against him on the merits of the case, he did not thereby forfeit his right to set up his final discharge in bankruptcy, if, after the judgment against him in the trial court, he obtained such final discharge; and he could produce that discharge and set it up by an affidavit of illegality to the levy of the execution based upon the judgment rendered against him.

DECIDED OCTOBER 7, 1921.

Affidavit of illegality; from Walker superior court — Judge Wright. March 8, 1921.

*Shattuck & Shattuck,* for plaintiff.

*Rosser & Shaw,* for defendant.

HILL, J. This case arose on the hearing of an affidavit of illegality interposed to the levy of an execution upon a stock of goods, and the facts, about which there was no dispute, are as follows: On July 30, 1918, a suit was filed in Walker superior court upon a promissory note, and on August 5, 1918, the defendant filed an answer, in which he set up that he was not indebted to the plaintiff as alleged, and claimed certain items as a set-off against the note. On November 5, 1918, the defendant was duly adjudged a voluntary bankrupt by the district court of the United States sitting in bankruptcy, of which the plaintiff had notice, but the plaintiff did not prove his claim in the bankruptcy court. Subsequently the defendant, by an amendment to his plea, set up

the bankruptcy proceedings and asked a stay of the proceeding in the State court until his discharge. This amendment, for some reason not apparent, was not allowed by the court, though it was filed with the original answer; nor, so far as appears, was the amendment ever brought to the attention of the trial court. On March 6, 1919, the case in the State court was decided against the defendant, and a judgment for the full amount of the suit was rendered. On September 6, 1919, the defendant obtained his discharge in bankruptcy. On December 31, 1919, an execution based upon the verdict and judgment mentioned was levied upon a stock of goods, which it was admitted had been acquired by the bankrupt after his discharge, and to this levy the defendant interposed the affidavit of illegality, in which was set up his discharge in bankruptcy and the allegation was made that on account of such discharge, the execution was proceeding illegally, and further, that the property levied upon was not subject to levy and sale, because the defendant had acquired the property subsequent to the bankruptcy proceedings and his discharge. The trial judge, without the intervention of a jury, heard the case and rendered judgment in favor of the defendant, sustaining the affidavit of illegality.

The plaintiff in error insists that as the defendant filed an amendment to his plea in the trial court, in which he set up the bankruptcy proceedings and asked for a stay of the suit, he cannot again be heard to set up his bankruptcy and discharge in an illegality proceeding; in other words, that he is bound by the verdict and judgment against him rendered in the trial court after he had appeared and filed the amendment setting up the bankruptcy proceedings and asking of the court a stay of the proceeding against him. This amendment, while apparently filed, was not considered or decided by the court, and was not brought to the attention of the trial court by any proof of the record from the bankruptcy court showing the existence of such bankruptcy proceedings. There was therefore no issue before the trial court on the question of the defendant's bankruptcy or the pendency of the bankruptcy proceedings, and the only judgment rendered against the defendant in favor of the plaintiff was a judgment for the amount due on the note upon which the suit was brought. Of course it is fundamental that " a judgment of a court of competent

jurisdiction is conclusive between the same parties and their privies as to all matters put in issue, or which under the rules of law might have been put in issue in the cause wherein the judgment was rendered." Civil Code (1910), § 4336. It is well settled that, " if the defendant in a suit in a State court desires a stay of the proceedings therein, because of his having been adjudicated a bankrupt, until the application for his discharge can be heard and decided by the bankruptcy court, or if he desires to set up his discharge as a defense to such suit, he must plead the adjudication or the discharge," and " after judgment has been rendered in the State court he cannot attack the validity of the judgment therein and move the court to set aside the judgment or to treat it as a ' nullity,' either because of the pendency of the bankruptcy proceedings or because of his discharge in bankruptcy from the debt on which the judgment is based. Bankruptcy proceedings must be pleaded and proved, if relied upon. Courts other than a bankruptcy court will not take judicial cognizance of such proceedings." *McDougald* v. *Chattanooga Medicine Co.*, 10 *Ga. App.* 653 (73 S. E. 1089). In the present case, however, it is undisputed that while an amendment to the plea in the suit in the trial court was filed by the defendant, he failed to rely upon this amendment or to ask for an adjudication of the question there made. In other words, it is apparent that he abandoned this amendment, which, we think, he had a right to do.

The provision of the bankruptcy law allowing the defendant to stay the proceedings against him pending the bankruptcy proceedings is primarily for the benefit of the bankrupt, that he may avoid being harassed in both courts at the same time with regard to the same debt. It is therefore a right which he may waive. It was said by the Supreme Court of the United States, in the case of Boynton v. Ball, 121 U. S. 457 (30 L. ed. 985), that " he may be willing that the suit shall proceed in the State court for many reasons: first, because he is not sure that he will ever obtain his discharge from the court in bankruptcy, in which case it would do him no good to delay the proceedings at his expense in the State court; in the second place, he may have a defense in the State court which he is quite willing to rely upon there, and to have the issue tried [as he apparently did in the present case]; in the third place, he may be very willing to have the amount in dispute

liquidated in that proceeding, in which case it becomes a debt to be paid pro rata with his other debts by the assignee in bankruptcy." But, said the Supreme Court in the same case, "if for any of these reasons, or for others, he permits the case to proceed to judgment in the State court, by failing to procure a stay of proceedings under the provisions of this section of the bankrupt law, or the assignee in bankruptcy does not intervene as he may do, . . he does not thereby forfeit his right to plead his final discharge in bankruptcy, if he shall obtain it, at any appropriate stage of the proceedings against him in the State court. And if . . his final discharge is not obtained until after judgment has been rendered against him in the State court, he may produce that discharge to the State court and obtain the stay of execution." This is exactly what the defendant in this case asked for in the court below, and, according to this ruling, the trial court was correct in sustaining his affidavit of illegality. *Strickland* v. *Brown,* 19 *Ga. App.* 73 (90 S. E. 1039).

Even if this were not true, we are of the opinion that the judgment of the trial court should be sustained on another ground. The facts which were admitted to be true showed that the property levied upon was acquired by the defendant in error after his discharge in bankruptcy. In the case of *Peterson* v. *Calhoun,* 137 *Ga.* 799 (74 S. E. 519), it was held that an execution in personam, founded on a debt provable in bankruptcy, where the plaintiff in fi. fa. had notice of the proceedings in bankruptcy, could not be enforced against property of a bankrupt acquired subsequently to his discharge; and an affidavit of illegality setting up this defense should not have been stricken.

For these reasons we conclude that the judgment should be affirmed.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*