BACON *et al.* v. MICHELIN TIRE COMPANY *et al.*

PER CURIAM. 1. An equitable petition was brought by a number of creditors of an insolvent corporation, in behalf of themselves and all other creditors of the corporation who might intervene as plaintiffs in the case, against the corporation and several individuals who, as alleged, organized the company and transacted business in its name before the minimum capital stock had been subscribed for, praying for judgments against all the defendants, and seeking to require the individual defendants, who it was alleged organized the defendant corporation and transacted business in its name before the minimum capital stock had been subscribed for, to jointly and severally make good the minimum capital stock with interest (under the provisions of the Civil Code, § 2220). *Held*, that the petition was not subject to general demurrer; nor to special demurrers on the grounds of misjoinder of parties plaintiff and defendant, and of misjoinder of causes

of action, in that it sought to recover of defendants distinct and independent claims of separate and distinct plaintiffs. *John V. Farwell Co.* v. *Jackson Stores*, 137 *Ga.* 174 (73 S. E. 13).

2. The demurrer based upon the claim that plaintiffs are estopped from denying that the indebtedness set out in their behalf is the debt of the defendant corporation is without merit, in view of the allegations in the petition which recognize these debts as the obligation of the corporation itself.

3. Nor is there merit in the ground of the demurrer making the point that "It is not shown by the petition that subsequently, and prior to the date the indebtedness was contracted, there was not issued other shares of stock in said company, and to whom, if any such were issued, and the amount thereof;" for if any such stock was issued and that were a good defense to this suit, it should have been pleaded.

4. If there had been a discharge in bankruptcy of any of the parties, or if there was an application for discharge pending, and that were a good defense, it should have been pleaded.

5. Nor is there any merit in the ground of the demurrer which raises the contention that the declaration seeks to recover on two separate and distinct causes of action. BECK, P. J., dissents from the ruling made in this note.

*Judgment affirmed. All the Justices concur, except Beck, P. J., dissenting from the ruling made in the last headnote, and Gilbert, J., absent for providential cause.*

No. 4605. JUNE 24, 1925.

Equitable petition. Before Judge Littlejohn. Sumter superior court. October 1, 1924.

The Michelin Tire Co. and others, on their own behalf and for such other creditors as might intervene, brought their equitable petition against Georgia Seed & Supply Co. as a corporation, and Mrs. Celestia Morgan Bacon, J. E. Bacon, L. J. Cranford, and O. V. Hogsed, alleging that said named parties procured a charter for the Georgia Seed & Supply Co. and organized the same and transacted business in the name of the corporation without first having subscribed the minimum capital stock of $10,000; that only $5800 of the minimum capital stock was subscribed, and there had been no subsequent subscription therefor; that Mrs. Celestia M. Bacon turned over to said corporation merchandise of the value of $2000, for which 55 shares of the corporation, of the par value of $100 per share, were issued to her; that about the same time one of said shares was issued to J. E. Bacon, one to L. J. Cranford, and one to O. V. Hogsed; that although such certificates of stock were issued, there was never at any time any stock actually subscribed for; that the indebtedness of the Georgia Seed & Supply

Co. to petitioners was incurred after the organization of the corporation and the transaction of business by the same, a large portion of said indebtedness being evidenced by notes executed in the name of the corporation; that on November 26, 1923, the corporation was adjudged a bankrupt, and its liabilities exceeded $10,000; that the assets of the corporation were not sufficient to pay more than ten per cent. of the claims of unsecured creditors (and by amendment it was alleged that the assets had been administered, and the unsecured creditors did not receive any dividend therefrom); that all of the petitioning creditors duly proved their claims in bankruptcy; that the corporation and the above-named defendants, now plaintiffs in error, are jointly and severally liable to the creditors in the sum of $4200, together with interest thereon from September 7, 1921. And petitioners pray that they may have a judgment against the defendants for the amounts due each of petitioners.

The defendants demurred to the petition, upon the grounds, that no cause of action was set forth; and specially: (a) for misjoinder of parties defendant; (b) for misjoinder of causes of action; (c) that there is no allegation that all of the minimum capital stock was not actually paid in by the organizers of the corporation, and such an allegation is necessary to make out a case of fraud upon the part of the promoters and organizers perpetrated upon creditors of the corporation. The court overruled the demurrer, and the defendants joined in one bill of exceptions and assigned error upon the judgment.

*Wallis & Fort* and *R. L. Maynard,* for plaintiffs in error.

*J. A. Fort, J. L. Ellis, J. C. Graham,* and *G. C. Webb,* contra.