15825, 15852.  WHITLEY *v.* JACKSON; and *vice versa.*

STEPHENS, J. 1. Where a motion is made by counsel before the chief judge of the municipal court of Atlanta to "check" or postpone for the day all cases in which counsel may be engaged, without naming or specifying any particular cases, upon the ground that counsel is actively engaged in a case then on trial in another court, it is not error for the judge to retain on the calendar and set for trial on that day a particular case in which counsel may in fact be engaged, where this fact is not known to the judge and nowhere appears of record.

2. Since a discharge in bankruptcy must be specially pleaded in order to avail the bankrupt when sued upon an indebtedness dischargeable in bankruptcy, a bankrupt who is sued as principal upon a bond to dissolve a garnishment, and who fails in such suit to plead and prove his discharge in bankruptcy against the judgment upon which the garnishment was issued, can not except to the verdict and judgment against him

on the bond upon the ground that the judgment upon which the garnishment had issued was dischargeable in bankruptcy.

3. Where, in a petition for certiorari brought by a defendant against whom a judgment has been rendered in the municipal court of Atlanta upon a bond to dissolve a garnishment, the only assignments of error are, under the rulings above, without merit, the judge of the superior court did not err in overruling the certiorari.

*Judgment affirmed on the main bill; cross-bill dismissed.  Jenkins, P. J., and Bell, J., concur.*

DECIDED SEPTEMBER 2, 1925.

Certiorari; from Fulton superior court—Judge E. D. Thomas. June 12, 1924.

*Harwell, Fairman & Barrett, Morris Macks,* for plaintiff in error.

*R. R. Jackson, T. L. Lanford,* contra.