### J. W. CROWDUS DRUG CO. v. VAN DOREN et al.

No. 16407—Opinion Filed April 20, 1926.

Rehearing Denied July 13, 1926.

1. **Pleading—Trial Amendments in Discretion of Court.**

Leave to amend a pleading after the jury has been impaneled is within the sound judicial discretion of the trial court.

2. **Appeal and Error—Evidence — Weight and Credibility for Jury.**

Where the testimony of a party and his witnesses is in conflict with their testimony on a former trial, such conflict is not a ground for reversal, but is for the consideration of the jury in determining the credibility of the witnesses and the weight and credit to be given their testimony.

3. **Bankruptcy — Discharge as Defense — Pleading.**

In order for a discharge in bankruptcy to be available as a defense, it must be pleaded.

(Syllabus by Ray, C.)

Commissioners' Opinion, Division No. 1.

Error from County Court, Carter County; A. J. Hardy, Judge.

Action by J. W. Crowdus Drug Company against G. P. Van Doren and D. E. Cantrell. Judgment for defendants, and plaintiff appeals. Affirmed as to defendant Cantrell and reversed as to defendant Van Doren.

H. C. Potterf, Earl Q. Gray, and J. M. Poindexter, for plaintiff in error.

Hodge & Schenk, for defendant in error D. E. Cantrell.

Opinion by RAY, C. J. W. Crowdus Drug Company sued G. P. Van Doren, P. A. Baza, and D. E. Cantrell, to recover on a number of promissory notes. The defendant Baza was not served with summons. Van Doren filed no demurrer, answer, or other pleading. The defendant Cantrell answered, in substance, that about September, 1914, the defendant Van Doren was engaged in the retail drug business in the town of Hewitt, and in failing circumstances, the Crowdus Drug Company being the principal creditor; that

the defendant Cantrell was a practicing physician and surgeon in that community, with headquarters in Van Doren's drug store; that the plaintiff company, to induce the defendant Cantrell to become surety on the note to the amount of Van Doren's indebtedness to the plaintiff company, represented that it could throw the defendant Van Doren into bankruptcy, or prevent bankruptcy proceedings, as it desired, and that there was sufficient stock of goods on hand of salable merchandise to fully pay the indebtedness of Van Doren if properly handled; that plaintiff agreed with the defendant Cantrell that if he would sign the notes, then, in the event of involuntary bankruptcy proceedings, the plaintiff would accept its pro rata share of assets as full compensation for the indebtedness, and release the sureties from any further obligation or liability; that relying upon that agreement he signed the notes as surety; that within 30 days after the notes were signed, the defendant Van Doren was forced into involuntary bankruptcy. It is alleged that the agreement was fraudulently entered into on the part of Crowdus Drug Company to induce the defendant Cantrell to become surety on the note. The trial resulted in a verdict and judgment for defendants, from which plaintiff, Crowdus Drug Company, appealed. That judgment was reversed for failure of the defendants, defendants in error, to file brief. J. W. Crowdus Drug Co. v. Van Doren et al., 93 Okla. 139, 219 Pac. 889.

The second trial resulted in a verdict and judgment for defendants, and the plaintiff has again appealed, and for reversal urges three propositions: (1) The court erred in permitting the defendant Cantrell to amend his answer in a manner which contradicted the former evidence of the defendants. (2) The defense of the defendant Cantrell, based upon the existence of an alleged lost written instrument, is not sustained by the evidence. (3) The court erred in permitting the defendant Van Doren to testify orally that he had been discharged in bankruptcy, and in sustaining his defense upon that ground in the absence of any answer or pleading by him.

1. After the jury had been impaneled, the defendant Cantrell asked leave to amend his answer by interlining the words "in writing," so as to allege that the agreement set out in the answer between the plaintiff and the defendant Cantrell was in writing, and stated that it had been agreed that the amendment could be made. Mr. Gray, of the law firm of Potterf, Gray & Poindexter, who was trying the case for plaintiff, in objecting to the amendment, stated that he knew of no such agreement. Counsel for defendant Cantrell then stated that he was willing for the court to say whether the agreement was made with opposing counsel and willing to stand on the court's decision. The court stated that Mr. Poindexter had agreed that an amended answer might be filed in the case for trial on the 22nd of November, that being the day on which the case was called for trial. The amendment was allowed. It is apparent from the statement of the court that the agreement was made in open court that the defendant should amend him answer on the day of trial. If was not an abuse of discretion to permit the trial amendment to be made pursuant to an agreement of counsel made in open court.

2. The argument of plaintiff in error is that on the former trial the defendant Cantrell and his witnesses testified that the agreement of the plaintiff that in case Van Doren was adjudged bankrupt plaintiff would share with the other creditors in bankruptcy and relieve the defendant of liability as surety, was an oral agreement, while in the second trial they testified that the agreement was in writing. Defendant Cantrell testified that the instrument was lost or misplaced, and he and other witnesses testified as to its contents. The testimony of the defendant and his witnesses as to the contemporaneous written agreement was uncontroverted. The only controverting evidence was that of one of the attorneys for the plaintiff, who testified that about the time of the bankruptcy proceedings, or soon thereafter, he had a conversation with the defendant Cantrell, in which Cantrell stated, in substance, that he would pay the notes if able, but that he was unable to pay them, and made no statement with reference to any agreement with the plaintiff.

In the first trial the defendant Cantrell and certain other witnesses testified as to an oral agreement, and made no reference to a written agreement, and, at the second trial, testified that the oral agreement was reduced to writing, and, after proof of its loss, testified as to its contents. No motion was made to require plaintiff to make his answer more definite and certain, by alleging whether the contract was oral or in writing, and no witness was asked on the former trial as to whether the agreement was reduced to writing, but, if it be assumed that the defendant's evidence on the former trial was to the effect that the agreement was not reduced to writing, and therefore in direct

conflict with his evidence on the second trial, it would afford no ground for reversal. Such conflict of testimony goes to the credibility of the witnesses and the weight to be given their testimony, and is peculiarly within the province of the jury.

3. We think the court erred in admitting testimony over the objection of the plaintiff to show that the defendant Van Doren had received his discharge in bankruptcy in the absence of any answer or other pleading being filed by him. In order for a discharge in bankruptcy to be available it must be pleaded. 7 C. J. 414.

As to the defendant Cantrell, we find no reversible error, and the judgment is affirmed. The defendant Van Doren having filed no brief, and it appearing from the plaintiff's brief and the record that the court erred in admitting the evidence of Van Doren's discharge in bankruptcy, in the absence of any pleading on his part, the judgment, as to him, is reversed for further proceedings.

By the Court: It is so ordered.

Note.—See under (1) 31 Cyc. pp. 368, 398 (Anno). (2) 4 C. J. pp. 848, 849, § 2833; 38 Cyc. p. 1521; 40 Cyc. pp. 2762, 2763. (3) 7 C. J. p. 414 § 733. See 21 R. C. L. pp. 572, et seq.; 3 R. C. L. Supp. p. 1170; 4 R. C. L. Supp. p. 1421; 5 R. C. L. Supp. p. 1164.