### 17976. RIGGS *v.* KINNEY *et al.*, executors.

1. The practice in the city court of Carrollton in regard to defaults, the opening thereof, and the filing of defenses, is the same as in the superior courts of the State.
2. Where a suit is duly marked in default at the appearance term, the mere lodging of a plea with the clerk at the third term is ineffectual to open the default or to present any defense.
3. "If the defendant in a suit in a State court desires a stay of the proceedings therein, because of his having been adjudicated a bankrupt, until the application for his discharge can be heard and decided by the bankruptcy court, or if he desires to set up his discharge as a defense to such suit, he must plead the adjudication or the discharge. After judgment has been rendered in a State court he can not attack the validity of the judgment therein and move the court to set aside the judgment or to treat it as a 'nullity' either because of the pendency of the bankrupt proceedings or because of his discharge in bankruptcy from the debt on which the judgment is based. Bankruptcy proceedings must be pleaded and proved, if relied upon. Courts other than a bankruptcy court will not take judicial cognizance of such proceedings."

DECIDED OCTOBER 15, 1927.

---

Bankruptcy, 7 C. J. p. 349, n. 82; p. 414, n. 43, 45.
Courts, 15 C. J. p. 987, n. 84 New.
Evidence, 23 C. J. p. 115, n. 58.
Judgments, 34 C. J. p. 326, n. 25; p. 567, n. 67.

Motion to vacate judgment; from city court of Carrollton—Judge Hood. February 4, 1927.

*Smith & Taylor,* for plaintiff in error.

*Boykin & Boykin,* contra.

BELL, J. The executors of Kinney, on July 18, 1925, filed suit against Riggs on a promissory note, in the city court of Carrollton, returnable to the September term, 1925. On August 19, 1925, Riggs filed a voluntary petition in bankruptcy and on that date was adjudicated a bankrupt. At the return term of the city court the suit there pending was called, and, no defense having been filed, was duly marked in default. On November 7, 1925, Riggs was granted a discharge in bankruptcy. On the first day of the March term, 1926, of the city court, the defendant's attorney merely lodged with the clerk a plea setting up the discharge. Later on, during the same day, the suit was sounded for trial, and judgment was entered in favor of the plaintiff, as in cases of default. On January 27, 1927, Riggs filed a motion to set aside the judgment, on the ground that on March 4, 1926, the day of the trial but before the case was actually called, he had filed a plea setting up his discharge in the court of bankruptcy, and that for this reason the judgment was void and should be vacated. The trial court overruled the motion and Riggs excepted.

There was no motion in the court below to stay the proceedings pending the defendant's bankruptcy nor was there any motion to open the default. The main judgment of the trial court recited, "no defense having been interposed."

If the defendant in a State court desires a stay of proceedings therein, because of his having been adjudicated a bankrupt, until the application for his discharge can be heard and decided by the bankruptcy court, or if he desires to set up his discharge as a defense to such suit, he must plead the adjudication or the discharge. After judgment has been rendered in the State court he can not attack the validity of the judgment therein because of his discharge in bankruptcy from the debt on which the judgment is based. In short, bankruptcy proceedings, if relied on, must be pleaded and proved, like other affirmative defenses. *McDougald* v. *Chattanooga Medicine Co.,* 10 *Ga. App.* 653 (2) (73 S. E. 1089) ; *Finney* v. *Mayer,* 61 *Ga.* 500; *Adams* v. *Dickson,* 72 *Ga.* 846; *Crawford* v. *Bostwick Co.,* 141 *Ga.* 356 (80 S. E. 1005) ;

*Bacon* v. *Michelin Tire Co.,* 160 *Ga.* 591 (4) (128 S. E. 906) ; *Whitley* v. *Jackson,* 34 *Ga. App.* 283 (2) (129 S. E. 294). In such a case the bankrupt can plead his discharge in bankruptcy and prevent a general judgment, provided he can show that the note or debt in question was properly scheduled and provable, and not exempted under the bankruptcy law. *Alvaton Mercantile Co.* v. *Caldwell,* 156 *Ga.* 317 (2) (119 S. E. 25).

But a motion to set aside a judgment must be based on some defect or error apparent on the face of the record; and here, as in *Pulliam* v. *Dillard,* 71 *Ga.* 598, the suit was brought on the note prior to the defendant's adjudication as a bankrupt, and proceeded to judgment without any plea of the defendant's discharge in bankruptcy. Though the bankrupt would have been entitled to a perpetual stay of execution had the judgment been rendered prior to the discharge, yet the case is different where the discharge was granted before the judgment was rendered. *Strickland* v. *Brown,* 19 *Ga. App.* 73 (90 S. E. 1039) ; *Craig* v. *Cameron,* 27 *Ga. App.* 455 (108 S. E. 828) ; *Portwood* v. *Shafer,* 33 *Ga. App.* 421 (126 S. E. 556) ; Dimock *v.* Revere Copper Co., 117 U. S. 559 (6 Sup. Ct. 855, 29 L. ed. 994).

State courts will not take judicial cognizance of bankruptcy proceedings pending in the Federal courts. *McDougald* v. *Chattanooga Medicine Co.,* and *Craig* v. *Cameron,* supra. "The State court could not know or take judicial notice of the proceedings in bankruptcy unless they were brought before it in some appropriate manner, and the provisions of this section [§ 5106 of the Revised Statutes] show plainly that it does not thereupon lose jurisdiction of the case." Boynton *v.* Hall, 121 U. S. 467 (7 Sup. Ct. 981, 30 L. ed. 985).

Bankruptcy, to be relied upon as a defense, must not only be pleaded, but must be pleaded at the proper time, else the defense will be held to be waived, where no legal reason is shown to account for the neglect. "There can scarcely be a doubt that bankruptcy as a defense may be waived; and no reason occurs to us why forbearing to present it at the proper time, and in a proper manner, should not be deemed a waiver." *Laramore* v. *McKinzie,* 60 *Ga.* 532; *Shumate* v. *Ryan,* 127 *Ga.* 118, 119 (56 S. E. 103). Where a bankrupt, after discharge, suffers a judgment to go against him upon a debt properly provable in bankruptcy, he is

bound by the judgment; and it will not thereafter be subject to attack by affidavit of illegality or motion to set aside. *Smith* v. *Cook,* 71 *Ga.* 705; *Finney* v. *Mayer,* 61 *Ga.* 500; *Flynn* v. *Jackson,* 18 *Ga. App.* 624 (90 S. E. 83).

The practice in the city court of Carrollton, unlike that in some other city courts (*Bridges* v. *Wilmington Savings Bank,* 36 *Ga. App.* 239, 136 S. E. 281), is the same as in the superior courts of this State. Ga. L. 1897, p. 438, §§ 4, 13, 17; *Chero-Cola Bottling Co.* v. *So. Express Co.,* 150 *Ga.* 430 (104 S. E. 233). The plea was not filed in this case until the third term, whereas the default was duly entered at the first term. The defendant could not effectively file any defense so long as the entry of default continued of force, and this entry could be opened only in the manner pointed out in section 5656 of the Civil Code of 1910. Under the provisions of that section the judge, at the trial term, in his discretion, upon the payment of costs, may allow the default to be opened for providential cause, or for excusable neglect, or where the judge, from all the facts, shall determine that a proper case has been made for the default to be opened, on terms to be fixed by the court; provided that the showing shall be made under oath, shall set up a meritorious defense, and the defendant shall offer to plead instanter and announce ready to proceed with the trial. The defendant having failed to comply with the mandatory provisions of the above section, the court did not err in ignoring the plea and rendering final judgment for the plaintiff. *Coker* v. *Lipscomb,* 17 *Ga. App.* 506 (2) (87 S. E. 704); *Griffin* v. *Brewer,* 96 *Ga.* 758 (22 S. E. 284); *Brucker* v. *O'Connor,* 115 *Ga.* 95 (41 S. E. 245); *Chero-Cola Bottling Co.* v. *So. Express Co.,* supra.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*