21877. STARBUCK *v.* WALLINS NATIONAL BANK.

DECIDED DECEMBER 15, 1931.

*William C. Henson, Craighead & Craighead, Dwyer & Dwyer,* for plaintiff in error.

*James T. Wright, John D. Allen,* contra.

LUKE, J. Wallins National Bank brought suit against J. E. Starbuck, in the city court of Decatur, upon a foreign judgment. So far as the record discloses, the defendant interposed no defense. Judgment was rendered for the amount of the judgment

sued on, with interest and costs, on November 17, 1930. In August, 1931, J. E. Starbuck presented to the court a verified motion praying for a rule nisi requiring the plaintiff to show cause why the judgment should not be set aside and the execution issued thereon perpetually stayed. He alleged as grounds of his motion that after the plaintiff had filed his suit, the defendant was adjudged a bankrupt by a proper tribunal, and obtained his discharge on September 6, 1930. He further alleged that the indebtedness was provable in bankruptcy and was listed among his items of indebtedness, and that the creditor received the usual notice from the bankruptcy court. For these reasons he claims that the judgment of the city court is void, unenforceable and discharged. The motion was heard, argued by counsel and considered by the court, and "denied and overruled." Exception was duly taken.

Clearly, as we think, the motion to set aside the judgment was properly overruled. State courts will not take judicial cognizance of bankruptcy proceedings. Such proceedings must be pleaded and proved, if relied upon. The case of *Riggs* v. *Kinney*, 37 *Ga. App.* 307 (140 S. E. 41), and the numerous cases there cited completely sustain our conclusion that the judgment in this case is correct; and further citation or discussion is unnecessary.

*Judgment affirmed. Broyles, C. J., concurs. Bloodworth, J., absent on account of illness.*