**FIDELITY UNION CASUALTY CO. v. HANSON et al.**

No. 1492—5768.

Commission of Appeals of Texas, Section A.

Jan. 6, 1932.

Collins & Houston, of Dallas, and Williams, Neethe & Williams, of Galveston, for plaintiff in error.

McDonald & Wayman and Jas. B. & Chas. J. Stubbs, all of Galveston, for defendants in error.

SHARP, J.

This case is the sequel to the case of Hanson et al. v. Haymann et al. (Tex. Civ. App.) 280 S. W. 869. The judgment recovered by Barbara Haymann and her minor children against P. E. Hanson was affirmed, and the judgment against the Fidelity Union Casualty Company, which was in favor of plaintiffs for $5,000 of the $12,000 judgment against Hanson, was reversed and rendered on the ground that there was no privity of contract between the Haymanns and the Fidelity Union Casualty Company.

In this case P. E. Hanson, as plaintiff, sued the Fidelity Union Casualty Company, as defendant, to recover $5,000, interest and costs upon the policy of insurance, by the terms of which the Fidelity Union Casualty Company insured P. E. Hanson against loss and/or expense arising from liability imposed by law, or claims of damages on account of personal injuries and/or deaths accidentally suffered or alleged to have been suffered by any person or persons not employed by the insured; that the Union Fidelity Casualty Company agreed in paragraph A of the policy as follows: "In the event of a final judgment upon any suit covered by this policy being rendered against the assured, the company will pay and satisfy said judgment and protect the assured against the levy of any execution issued on said judgment, subject to the limitations in paragraph C herein."

Paragraph C, referred to above, limits the amount to be paid by the company for the death of one person to $5,000.

Plaintiff also alleged that judgment had been recovered against him by Mrs. Barbara Haymann and her three minor children for a total sum of $12,000; that the insurance company had taken charge of that case as covered by the policy and conducted the defense, and the said judgment had become final and is now in full force and effect, and that execution has issued and levy thereof is threatened, and the Union Fidelity Casualty Company after demand to pay had failed and refused.

The Union Fidelity Casualty Company filed a general denial and specially alleged that plaintiff had been adjudicated a bankrupt and discharged from his debts, and that the trustee in bankruptcy, T. J. Holbrook, had become invested with all the assets belonging to the bankrupt.

The trustee of P. E. Hanson intervened and alleged that "the policy of insurance was not a proper asset, but a contract asset only for the benefit of the said P. E. Hanson and for those who might recover damages against the said P. E. Hanson, by reason of accidents, injury or negligence for which the said P. E. Hanson might be responsible," and the trustee prays recovery of the amount of the policy, and that the court determine and direct to whom said fund shall be paid; whether to the Haymanns or to the general creditors.

By plea in abatement, the Fidelity Union Casualty Company objected to the intervention of Holbrook, on the ground that the bankruptcy was closed and the trustee had thereby ceased to be such. This plea was sustained, and the trustee's intervention was dismissed.

By supplemental petition, P. E. Hanson answered and averred that he did not seek to be relieved in bankruptcy of $5,000, being that part of the judgment that was secured to be paid by the Fidelity Union Casualty Company, and that he is entitled to specific performance of the contract of the company to pay and satisfy the judgment.

The judgment rendered against the Fidelity Union Casualty Company provides the amount that P. E. Hanson is entitled to have paid shall be paid to Barbara Haymann and the three children, "the payment of said sum by said Fidelity Union Casualty Company to satisfy the judgment above rendered against it in favor of P. E. Hanson; and upon the payment by said Fidelity Union Casualty Company of said sum to said interveners, or their attorneys of record, satisfaction shall be entered of record by said attorneys of the above judgment rendered in favor of the said P. E. Hanson against said Insurance Company; but no execution shall issue upon this judgment in favor of interveners, who are the plaintiffs in said garnishment suit, against the Fidelity Union Casualty Company, until the controversy between plaintiff and defendant herein may have been fully litigated on appeal, if the defendant perfects and prosecutes an appeal; and, upon judgment becoming final, let execution issue in favor of interveners." The Court of Civil Appeals affirmed the judgment of the trial court. 26 S.W.(2d) 395. The case is now before the Supreme Court.

Plaintiff in error contends that the Court of Civil Appeals erred in holding that under the bankruptcy statutes of the United States, the judgment obtained by Mrs. Barbara Haymann et al. against P. E. Hanson was not a provable debt against his estate and dis-

charged as such by his discharge in bankruptcy.

In support of this contention, the following authorities are cited: Lewis v. Roberts, 267 U. S. 467, 45 S. Ct. 357, 69 L. Ed. 739, 37 A. L. R. 1440; Moore v. Douglas (C. C. A.) 230 F. 399, cited with apparent approval in Lewis v. Roberts, supra; In re De Bock (D. C.) 14 F.(2d) 675.

The facts show that Mrs. Haymann et al. secured judgment for $12,000 against P. E. Hanson for the death of Joseph F. Haymann caused by the negligence of P. E. Hanson; that P. E. Hanson duly perfected his appeal therefor, giving only a cost bond, but gave no supersedeas bond. After the perfection of the appeal, but prior to the affirmance of the judgment, Hanson was on June 8, 1925, adjudged a bankrupt upon a voluntary petition which had been filed on June 6, 1925. T. J. Holbrook was appointed as trustee in bankruptcy of his estate on July 7, 1925, and qualified by giving the requisite bond on December 4, 1925. The Court of Civil Appeals rendered its opinion, whereby the case was affirmed in part and reversed and rendered in part. On January 21, 1926, a motion for a rehearing was overruled, and on March 17, 1926, the petition for writ of error was dismissed by the Supreme Court of this state.

■ The question raised for decision, Was the judgment a provable debt under the Bankruptcy Act? The record discloses that the parties to this suit agreed that such judgment was one in a pure tort action based upon negligence on the part of the servants of the defendant therein. For some time there was some doubt or uncertainty among the courts as to whether or not a judgment for personal damages caused by negligence was provable in bankruptcy. The Supreme Court of the United States in its opinions has established the rule that claims based upon a mere tort are not provable debts under the Bankruptcy Law.

In the case of Schall v. Camors, 251 U. S. 239, 40 S. Ct. 135, 136, 64 L. Ed. 247, the Supreme Court of the United States, in a very able and exhaustive opinion, in construing section 63 of the Bankruptcy Act (11 USCA § 103) among other things, held: "Historically, bankruptcy laws, both in England and in this country, have dealt primarily and particularly with the concerns of traders. Our earlier bankruptcy acts invariably have been regarded as excluding from consideration unliquidated claims arising purely ex delicto. [Citing authorities.]"

Again it was said: "Upon every consideration we are clear that claims based upon a mere tort are not provable. Where the tortious act constitutes at the same time a breach of contract, a different question may be raised, with which we have no present concern; and where, by means of the tort, the tort-feasor obtains something of value for which an equivalent price ought to be paid, even if the tort as such be forgiven, there may be a provable claim quasi ex contractu. [Citing authorities.]

■ That a final judgment for personal damages caused by negligence is a provable debt in bankruptcy, was definitely settled by the Supreme Court of the United States in the case of Lewis v. Roberts, supra. In that case, the rule was announced that a judgment to recover in an action for tort or ex delicto is provable in bankruptcy proceedings against the judgment debtor under section 63a of the Bankruptcy Act (now sec. 103, title 11, c. 7, Bankruptcy, USCA), which provides that "debts of the bankrupt may be proved and allowed against his estate which are (1) a fixed liability, as evidenced by a judgment or an instrument in writing, absolutely owing at the time of the filing of the petition against him, whether then payable or not, with any interest thereon which would have been recoverable at that date or with a rebate of interest upon such as were not then payable and did not bear interest."

The precise question involved here was not involved in that case. So far as the record discloses, the finality of the judgment in that case was unquestioned. Here the case was on appeal, and had not been passed upon at the time the petition for bankruptcy was filed or an adjudication made thereon. Therefore the rule announced by the Supreme Court in the case of Lewis v. Roberts, supra, does not apply nor control. Nor have we been able to find any opinion by the Supreme Court of the United States upon this precise question. With respect to judgments obtained or perfected during the pendency of bankruptcy proceedings, we refer to the annotation of the authorities upon this subject in 37 A. L. R. Annotated, pages 1443, etc.

■ The rule is also recognized that, unless the Bankruptcy Act otherwise provides, the validity of a claim is to be determined in accordance with the principles of the local law, and, in determining the validity of a claim against a bankrupt, the law of the state where the case arose must control. Humphrey v. Tatman, 198 U. S. 91, 25 S. Ct. 567, 49 L. Ed. 956; Bennett v. North Philadelphia Trust Co., 66 Pa. Super. Ct. 261; Heyward v. Goldsmith (C. C. A.) 269 F. 946.

■ The rule is well established in this state that the effect of an appeal or writ of error, whether prosecuted on cost or supersedeas bond during its pendency, deprives a judgment of that finality of character necessary to entitle it to admission in evidence in support of the right or defense declared by it. Texas Trunk Railway Co. v. Jackson, 85 Tex. 605, 22 S. W. 1030, 1031; Houston Oil Co. v. McCarthy (Tex. Com. App.) 245 S. W. 651, 653. In the case of Texas Trunk Rail-

way Co. v. Jackson, supra, Chief Justice Stayton, in rendering the opinion of the court, said:

"In this state, appeal and writ of error perform the same office, and bring before the appellate court, for revision, the rulings of the trial court, and, when presented to a court of civil appeals, do not give the right to a trial de novo.

"That the proceeding instituted in either method is but the continuation of the action or suit brought in the trial court is the settled rule in this state. Moore v. Moore, 59 Tex. 54; Hickcock v. Bell, 46 Tex. 613; Brackenridge v. San Antonio, 39 Tex. 66; Hart v. Mills, 38 Tex. 513; Harle v. Langdon, 60 Tex. 555."

In the face of this record and the foregoing authorities, we think the judgment being on appeal at the time of the filing of the petition in bankruptcy, and an adjudication made thereon, that the judgment was not final, and that the claim based thereon was of so contingent a character as to make proof thereof substantially impossible, and therefore not provable as a debt in bankruptcy proceedings.

Plaintiff in error further contends that the Court of Civil Appeals erred in holding that Hanson is entitled to recover from plaintiff in error the amount of the policy involved in this suit, even though Hanson has been through his discharge in bankruptcy freed from legal liability on the claim of Mrs. Haymann et al. against him upon which he seeks indemnity from plaintiff in error. The insurance contract contains, among other things, the following language: "In the event of a final judgment upon any suit covered by this policy being rendered against the Assured, the company will pay and satisfy said judgment."

The rule is now well established that the bankrupt, if he wishes to avail himself of the benefit of his discharge in bankruptcy in any particular suit, must plead it properly and seasonably, and, if he omits to do so, it constitutes no bar to the rendition of a valid judgment against him. In re Nuttall (D. C.) 201 F. 557, 29 A. B. R. 800; Fowle v. Park (C. C.) 48 F. 789; Schreiber v. Garden, 152 App. Div. 817, 137 N. Y. S. 747; Griffith v. Adams, 95 Md. 170, 52 A. 66; McDougald v. Chattanooga Medicine Co., 10 Ga. App. 653, 73 S. E. 1089; Bank of Commerce v. Elliott, 109 Wis. 648, 85 N. W. 417; Lovell v. Sneed, 79 Ark. 204, 95 S. W. 157; Lane v. Holcomb, 182 Mass. 360, 65 N. E. 794; First National Bank of Broadway, Va. v. Cootes, 74 W. Va. 112, 81 S. E. 844; Bacon v. Michelin Tire Co., 160 Ga. 591, 128 S. E. 906; Bryan v. Orient Lumber & Coal Co., 55 Okl. 370, 156 P. 897; J. W. Crowdus Drug Co. v. Van Doren, 119 Okl. 55, 248 P. 319.

The great weight of authority supports the well-settled rule that a plea of discharge in bankruptcy is personal to the debtor and he may waive the benefit of his discharge by failure to plead it, and no one can plead it for him. Taber v. Donovan, Wayne Circuit Judge, 156 Mich. 652, 121 N. W. 481; Manwarring v. Kouns, 35 Tex. 171; Bush v. Stanley, 122 Ill. 406, 13 N. E. 249; Bank of Commerce v. Elliott, 109 Wis. 648, 85 N. W. 417; First International Bank v. Lee, 25 N. D. 197, 141 N. W. 716; Alabama Great Southern Ry. Co. v. Crawley, 118 Miss. 272, 79 So. 94; Dimock v. Revere Copper Co., 117 U. S. 559, 6 S. Ct. 855, 29 L. Ed. 994; Scott v. Ellery, 140 U. S. 381, 12 S. Ct. 233, 35 L. Ed. 1050; Sibley v. Nason, 196 Mass. 125, 81 N. E. 887, 12 L. R. A. (N. S.) 1173, 124 Am. St. Rep. 520, 12 Ann. Cas. 938; 7 C. J. 415.

It is unquestioned in this case that Hanson failed to plead his discharge as a defense to the Haymann claim under the judgment in their favor. This assignment is overruled.

Plaintiff in error further contends that the Court of Civil Appeals erred in holding that, under the Bankruptcy Statutes, Hanson's claim against plaintiff in error under the policy involved in this suit was not properly passing to and vesting in the trustee in bankruptcy of his estate.

It is undisputed that the trustee was informed of the obligation of the said P. E. Hanson by the recital in the bankrupt's schedule of the judgment in favor of the Haymanns as follows: "In the above case there was a codefendant Fidelity Union Casualty Company for $5,000.00 reducing petitioner's liability to $7,000.00."

It is plain that the trustee could not have realized on the bond as against the rights of the Haymanns. Its principal purpose was an obligation to satisfy a final judgment against P. E. Hanson, the insured. It did not promise to pay Hanson anything but to pay a final judgment against him. Under no provision of the Bankruptcy Act do we find any authority that P. E. Hanson could have transferred this kind of an obligation to any one, or that it might have been levied upon and sold by judicial process against him as against the claims of the Haymanns. It promised no benefit to the trustee or to the general creditors.

The parties to the suit further agreed: "It is agreed that no part of the $5000.00 or the interest in suit number 38954 has been paid to any one by the defendant Fidelity Union Casualty Company, defendant herein * * * and it is further agreed and stipulated that the Fidelity Union Casualty Company, the defendant in this case, took charge of the defense for, and represented P. E. Hanson, in the original suit against him be-

ing 38954 on this docket and in the appeal of said case to the higher courts of the state."

The trustee in bankruptcy intervened in this case, stating that he did not regard the insurance contract as an asset of the bankrupt, but offered to recover as trustee upon the bond for the benefit of either the Haymanns who held the judgment to be paid, or the general creditors. This intervention on the part of the trustee was dismissed on motion of the company on the ground that the bankruptcy proceedings were closed and the trustee's authority ended.

In the state of this record, we find no sound reason for holding that P. E. Hanson could not maintain this suit, and the Court of Civil Appeals correctly disposed of the case.

Therefore we recommend that the judgment of the Court of Civil Appeals be in all respects affirmed.

CURETON, C. J.

The judgment of the Court of Civil Appeals affirming that of the district court is affirmed, as recommended by the Commission of Appeals.