23383. GARNER *v.* HARTSFIELD LOAN AND SAVINGS COMPANY.

BROYLES, C. J. 1. Where a discharge in bankruptcy is granted pending a suit commenced in a State court, and the State court, *subsequently* to the discharge, renders a judgment against the bankrupt, and execution thereon is levied on certain property of the bankrupt, the property, *although acquired after his discharge in bankruptcy,* is subject to the execution, where the defendant (the bankrupt) in the suit in the State court *failed to file a plea setting up his discharge in bankruptcy.* In order for the bankrupt "to avail himself of his discharge, he should have ·pleaded it in the pending suit. Failing to plead it, the subse-

quent judgment is not affected by such discharge, and is an enforceable lien against any property of the defendant. *Finney* v. *Mayer*, 61 *Ga.* 500." *Crawford* v. *Bostwick-Goodell Co.*, 141 *Ga.* 356 (80 S. E. 1005). The cases cited by counsel for the plaintiff in error are distinguishable by their particular facts from the *Crawford* case and the instant case.

2. The controlling facts of the *Crawford* case, supra, and of this case are identical, and, under the ruling in the *Crawford* case, the court in the instant case properly directed a verdict against the affidavit of illegality filed by the bankrupt.

*Judgment affirmed. MacIntyre and Guerry, JJ., concur.*

DECIDED MAY 23, 1934.

*Robert L. Russell, Pemberton Cooley, Alexander Stephens,* for plaintiff in error.

*Robert T. Efurd, Mose S. Hayes,* contra.

