49241, 49242. FABRIC CENTER, INC. v. LEHNDORFF
GREENBRIAR, LTD. (two cases.).

EVANS, Judge.

Fabric Center, Inc., as lessee, operated a store in Greenbriar Shopping Center in Atlanta, Georgia, under a lease from the owner, Lehndorff Greenbriar, Ltd. Said lease provided that it could be terminated by sixty days notice from landlord to tenant.

Prior to termination of the lease, Fabric Center became aware of negotiations between Greenbriar and another as to leasing these facilities. Fabric Center then made a counteroffer. A new lease was prepared by Greenbriar's Atlanta agent, same was executed and returned by Fabric Center and the Atlanta agent of Greenbriar then forwarded it to the home office for signature. The manager for Greenbriar then advised Fabric Center that Greenbriar did not intend to renew the lease, and gave the proper eviction notice to Fabric Center.

The lease terminated and Fabric Center refused to surrender possession. The present action was instituted by Greenbriar to oust Fabric Center, Inc., praying a writ of possession. No rent was then due and no money judgment was prayed for.

The case was tried twice with directed verdicts in favor of plaintiff, and in each instance a new trial was granted. On the third trial, the verdict was directed in favor of the plaintiff and writ of possession granted on April 2, 1973. The judgment was not filed until October 4, 1973, at which time defendant filed a written motion for new trial which was subsequently amended. This motion was heard and denied; defendant filed two appeals, to wit: 1. Appeal to the Court of Appeals, dated January 11, 1974, from the denial of its motion for new trial by single judge (Case No. 49241); 2. An appeal to the

Appellate Division of the Civil Court of Fulton County, with notice of appeal after its denial, dated January 30, 1974 (Case No. 49242). *Held:*

1. At its inception the dispossessory proceedings requested only a writ of possession. No money judgment was requested; hence the amount of the suit was less than $300. *Daniel v. Federal National Mortgage Assn.,* 231 Ga. 385 (202 SE2d 388), holds that an appeal from the judgment of Civil Court of Fulton County, where only possession of realty is sought, will not lie directly to the Court of Appeals. Case No. 49241 is therefore dismissed.

2. A party who is unsuccessful in the trial court does not have the right to file two separate appeals at the same time. We find no authority directly in point as to cases in the Civil Court of Fulton County, but the general trend of the law supports this assertion. Code § 6-402 provides that in certain cases an appeal may be made to a jury in superior court or to a jury in the justice court, but "any case appealed to a jury in one court shall not be appealed to a jury in the other court." And if both parties appeal, one to a jury in the justice court, and the other to a jury in the superior court, the first appeal is effective and the last appeal is a nullity. See *Continental Aid Assn. v. Hand,* 19 Ga. App. 658 (91 SE 1056), and in discussing the question of which appeal is effective, at page 659 the court states: "This question is controlled by the 'miller's rule.' " As many of our present day attorneys perhaps never had occasion to take corn to the mill and thus become familiar with the miller's rule, it can be better stated as the "barbershop rule," which is, "first come—first served."

In *Board of Ed. of Glynn County v. Day,* 128 Ga. 156, 166 (57 SE 359), the law is discussed as to "Election of Remedies," also called election "between two inconsistent proceedings," and "election of inconsistent remedies or inconsistent remedial rights." The tenor of the discussion is that one must select the position he will occupy and defend that position. He will not be allowed to emulate one of the fantastic heroes of literature who "flung himself upon his horse and rode madly off in all directions."

To allow two appeals to different courts (or different

divisions of the same court), would engender needless confusion and should not be allowed.

3. The second appeal, dated January 30, 1974, No. 49242, comes to this court from the Appellate Division of the Civil Court of Fulton County. Where the amount involved, *exclusive of interest, attorney fees and costs, is less than $300,* any party to the cause or his counsel may make an oral motion for new trial, and *"unless an oral motion for a new trial shall be made upon the rendition of judgment or the finding of a verdict, the parties shall be held to have waived their right to move for a new trial."* (Emphasis supplied.) Section 42 (a), Georgia Laws 1933, pp. 290, 292.

No such oral motion was made here, and the appeal is therefore totally ineffective.

For the reasons stated in Divisions 2 and 3 the appeal in 49242 is dismissed.

*Appeals dismissed. Eberhardt, P. J., concurs. Pannell, J., concurs in the judgment only.*

ARGUED APRIL 5, 1974 — DECIDED MAY 20, 1974.

*John Tye Ferguson, Ben Sweet,* for appellant.
*Smith, Cohen, Ringel, Kohler, Martin & Lowe, Fred W. Ajax, Jr.,* for appellee.