## FIDELITY UNION CASUALTY CO. v. HANSON et al.

### No. 9337.

Court of Civil Appeals of Texas. Galveston.
Feb. 7, 1930.

Rehearing Denied Feb. 27, 1930.

Collins & Houston, of Dallas, and Williams, Neethe & Williams, of Galveston, for appellant.

McDonald & Wayman and James B. & Charles J. Stubbs, all of Galveston, for appellees.

PLEASANTS, C. J.

Appellee P. E. Hanson brought suit in the court below against appellant on an insurance policy issued to him by appellant insuring him against loss and expense to the extent of $5,000 arising from liability imposed by law, or claims for damages for personal injuries or death accidentally suffered by any person not in his employ when plaintiff's liability for such injury or death arose from his ownership, maintenance, use, and operation of the automobiles described in the policy. The petition in this suit alleges in substance:

"That on or about May 5, 1924, there was rendered in the court below a judgment against him in the amount of $12,000.00 in favor of Mrs. Barbara Hayman and others on account of the death of one Joseph Hayman who had been killed by an automobile owned by Hanson and covered by the policy; that on an appeal from that judgment it was affirmed by the Court of Civil Appeals, and the Supreme Court refused a writ of error in the case; that the mandate of the Court of Civil Appeals having been issued and filed in the lower court, the plaintiffs in the judgment had caused to be issued under it a writ of execution which they were threatening to have levied against his property; that he had made demand of appellant for the payment of $5,000.00 under the policy, which had been refused, and by reason of that he had become entitled to a penalty of twelve per cent. on the amount of his claim and attorney's fees in a reasonable amount, which was alleged to be $1,000.00; and further, that because of appellant's failure to pay and satisfy its obligation and liability to him under the policy

his credit had been and would continue to be injured and any property that he might acquire and put in' use in the business enterprise upon which he had embarked would be subject to seizure and sale on execution under the judgment mentioned and he would be thereby 'blocked and prevented from doing business' because of appellant's failure and refusal to pay him the amount of insurance due under its contract, which amount he was informed and believed and so alleged would be accepted by the holders of the judgment as full satisfaction thereof; that appellant's conduct had damaged him in the sum of $15,-000.00 in addition to the $5,000.00 due under the policy, for all of which, together with the twelve per cent. penalty, attorney's fees, interest and cost of suit he prayed judgment.

"Appellant answered with a general denial and in addition pleaded, in substance, that the judgment rendered in favor of Mrs. Hayman, et al., was not one upon any claim for wilful or malicious acts of Hanson, or any servant or employee of his, nor one in any action of fraud or obtaining property by false pretenses or upon false representations, but was one for tort based upon mere negligence and hence was a dischargeable debt under the bankruptcy laws; that the appeal from that judgment was taken by Hanson on a cost bond only and that execution of the judgment was not suspended pending the appeal; that subsequently to the rendition of the judgment and the perfection of the appeal therefrom Hanson was upon his voluntary petition adjudged a bankrupt; that in his schedules he duly listed that judgment as a debt against him and did not list the policy herein sued upon or any claim or demand thereunder as an asset of his estate; that a trustee in bankruptcy of his estate was duly appointed and qualified; that he had received his discharge in bankruptcy and by reason thereof had been freed and discharged from the debt evidenced by such judgment, and consequently was not legally liable thereon, the same being, as before stated, a provable debt duly and properly scheduled, and that therefore no right of action against appellant for indemnity on that judgment existed under the policy in question; and further, that by reason of Hanson's adjudication as a bankrupt and the appointment and qualification of a trustee in bankruptcy of his estate, he had been divested of all rights, actions, and remedies, if any there were, against appellant under such policy.

"During the pendency of this suit by Hanson, Mrs. Barbara Hayman and the others who were plaintiffs in the above mentioned judgment against Hanson, sued out a writ of garnishment under it against appellant as an alleged debtor of Hanson.

"Appellant answered in that proceeding with categorical denials of any indebtedness on its part to Hanson, or possession by it of any effects belonging to him, and knowledge of any one else indebted to or having effects belonging to him. In addition to those denials, appellant pleaded, in substance, that the judgment against Hanson under which the writ was issued had, by reason of Hanson's adjudication and subsequent discharge as a bankrupt, been discharged as a debt against him and was not therefore a legal liability on his part against which appellant was obligated to indemnify him under the terms of its policy held by him, and hence there was no indebtedness owing to him by appellant; and further, that his adjudication as a bankrupt and the appointment and qualification of a trustee of his estate in bankruptcy had divested him of all rights and claims under the policy, if any such existed.

"Mrs. Hayman and the others as plaintiffs in garnishment, upon the assertion that the answer of appellant was insufficient and evasive, sought by motion a judgment against it for the full amount of their asserted claim against Hanson.

"Hanson himself filed a pleading in the garnishment suit under which he sought to except to appellant's answer therein and to join issue with the latter upon its denial of indebtedness to him."

The garnishment proceedings were consolidated with the suit brought by Hanson, and after such consolidation the plaintiffs in the garnishment proceedings, with leave of the court, filed a plea in intervention by which they adopted "the pleadings and prayer of relief" of the plaintiff Hanson.

T. J. Holbrook, trustee in bankruptcy of the Hanson estate, sought to intervene, but his suit in intervention was dismissed upon a plea in abatement filed by appellant.

The trial in the court below without a jury resulted in a judgment in favor of Hanson and the intervening plaintiffs against appellant, for the sum of $5,000, with interest and costs. This judgment provides that the payment of the amount adjudged to the intervening plaintiffs will satisfy the judgment in favor of Hanson, and that no execution shall issue in favor of said plaintiffs until the final determination of any appeal that may be taken by the defendant from the judgment in favor of Hanson. The interveners were denied judgment for the whole amount of their judgment against Hanson on their claim of the insufficiency of appellant's answer in the garnishment proceedings.

This appeal is predicated upon the main proposition that, because of Hanson's discharge in bankruptcy and his consequent release from legal liability on the judgment against him in favor of the interveners, there was no obligation of appellant under its insurance policy to protect him against any as-

sertion of claim by Mrs. Hayman and her children.

Subsidiary to this, it is contended that, Hanson's claim under the policy not having been scheduled as an asset of his estate, and there being no evidence that the trustee in bankruptcy ever acquired knowledge of the existence of such claim or chose in action, Hanson's right or title to this claim, which passed to the trustee by virtue of the adjudication of bankruptcy, cannot be held to have reverted to him because of the refusal of the trustee to receive and administer thereupon for the benefit of the estate, and therefore Hanson cannot maintain this suit upon the policy.

It is further contended, under appropriate assignments and propositions, that the interveners having no right to sue upon the policy, and Hanson's right in the policy having passed to the trustee in bankruptcy, the interveners have no maintainable claim against appellant in garnishment or as interveners in the suit brought by Hanson.

The following sufficient statement of the facts disclosed by the evidence is copied from appellant's brief:

"The policy involved was issued by appellant to Hanson on or about April 24, 1922, and insured him 'against loss and/or expense arising from liability imposed by law, or claims for damages, on account of personal injuries and/or deaths accidentally suffered, or alleged to have been suffered by any person or persons not employed by the assured by reason of the ownership, maintenance, use and operation of' certain described automobiles; the Company's liability for loss from an accident resulting in bodily injuries to, or death of, one person being limited to Five Thousand Dollars and subject to the same limit for each person, its total liability for any one accident resulting in bodily injuries to or in the death of more than one person being limited to Ten Thousand Dollars. That insurance obligation of the Company was by the terms of the policy made subject to agreements expressed in it among which were:

" 'A. In the event of a final judgment upon any suit covered by this policy being rendered against the assured, the Company will pay and satisfy said judgment and protect the assured against the levy of any execution issued on said judgment, subject to the limitations set out in Paragraph "C" herein,' the limitations in Paragraph 'C' being those as to amounts above stated.

" 'K. The assured shall not voluntarily assume any liability; nor interfere in any negotiations or legal proceedings as conducted by the Company on account of any claim; nor, except at his own cost, settle any claim, nor incur any other expenses without the written consent of the Company previously given; except that he may provide at the time of the accident and at the cost of the Company, such immediate surgical relief as is imperative.' "

"There were further provisions obligating the Company to defend at its expense any suit brought against the assured upon the character of claims insured against.

"Mrs. Barbara Hayman, widow, for herself and as next friend of her minor children, Barbara Josephine Hayman and Robert William Hayman, and Annie Hayman Black, joined by her husband, James Black, and Henry F. Hayman and Joseph E. Hayman, brought suit in the district court of Galveston County, 10th judicial District, against Hanson and appellant to recover for the death of one Joseph F. Hayman who, they alleged, was killed on or about October 30, 1922, by being run down by an automobile truck owned and operated by Hanson. The action against Hanson was based upon negligence of the operator of the truck which struck and killed Hayman and that against the appellant was sought to be maintained under the theory that the truck involved was one covered by the policy in question in this suit and that the insurance obtained by Hanson through the terms of the policy inured to the benefit of the plaintiffs in that action, thus entitling them to sue and recover upon it in their own right. Appellant took charge of the defense of that suit in Hanson's behalf as well as its own. The trial resulted in a verdict against Hanson for $12,000.00 apportioned $6,000.00 to Mrs. Barbara Hayman, $4,000.00 to Barbara Josephine Hayman, $1,500.00 to Robert William Hayman, and $500.00 to Annie Hayman Black. The trial court rendered judgment against Hanson on that verdict and further adjudged that the plaintiffs included in the verdict should recover of appellant the amount of $5,000.00 which was apportioned among them in specific amounts, it being provided that any amounts collected by them under the recovery allowed against appellant should be credited upon the recovery allowed against Hanson. An appeal from that judgment was taken in behalf of both Hanson and appellant, the latter taking charge of and conducting the proceedings on appeal for both. In taking the appeal Hanson filed only a cost bond and never by a proper bond suspended the collection of the judgment pending the appeal, but appellant filed a supersedeas bond in its appeal from so much of the judgment as was rendered against it directly. Upon the appeal this court, on November 5, 1925, affirmed the judgment against Hanson and reversed that against appellant and rendered judgment in its favor. Hanson v. Haymann et al. (Tex. Civ. App.) 280 S. W. 869.

"The mandate of this court in that case was filed in the court below on June 17, 1926. There was introduced herein an alias execution issued on November 8, 1928, under the

judgment in that case against Hanson, the writ having no return of any character upon it.

"After the filing of that mandate in the lower court, Hanson made demand of appellant for the payment of $5,000.00 to him under the policy now sued upon and that was unconditionally refused, and appellant has never paid the same to any one.

"After the rendition of the above mentioned judgment and before its affirmance by this court, Hanson upon his voluntary petition filed on June 6, 1925, was on June 8, 1925, duly adjudged a bankrupt by the United States District Court for the Southern District of Texas. T. J. Holbrook was on July 7, 1925, appointed as trustee in bankruptcy of Hanson's estate and qualified by giving the requisite bond which was approved on the same day.

"In the schedule which he filed with his petition Hanson showed an indebtedness in the amount of $244.15 entitled to priority and general unsecured indebtedness in the amount of $50,298.26. The only assets listed in the schedule were household goods, and furniture, wearing apparel, household stores, etc. valued at $500.00, all of which was claimed as exempt, and two life insurance policies, one in the amount of $7,500.00 and the other in the amount of $5,000.00 each having a surrender value in an amount not stated.

"The above mentioned judgment was listed among the unsecured debts, there being duly listed the names and addresses of and the respective amounts due thereunder to the several persons above named in whose favor the judgment was rendered. And in connection with the statement of that judgment there appeared in the schedule a notation as follows:

" 'In the above case there was a co-defendant Fidelity Union Casualty Company for $5000.00 reducing the petitioner's liability to $7000.00.'

"It was stipulated and agreed of record in this case that that judgment was not based upon any wilful or malicious act of the defendant therein, P. E. Hanson, plaintiff herein, or any agent, servant, or employee of his, but such judgment was one in a pure tort action based upon negligence on the part of the servants of the defendant therein.

"With the exception of the two insurance policies and the $500.00 worth of household goods, etc., mentioned above, Hanson listed in his schedule, as before stated, no character of property whatsoever, or any choses of action whatsoever. There is no evidence to show that the trustee of the Hanson estate ever had any notice or knowledge of the policy herein sued upon or any claim against appellant thereunder. The estate was closed and the trustee discharged by an order made by the bankruptcy court on December 28, 1925. Hanson received his discharge by an order entered on January 8, 1926."

The facts in the case are uncontroverted, and the applicable principles and rules of law, we think, well settled. We shall not discuss appellant's several propositions categorically nor in detail, but will content ourselves with a statement of the conclusions of law applicable to the facts which, in our opinion, answer all of appellant's contentions, and require an affirmance of the judgment.

■ The unliquidated claim of the Haymans for damages was not provable in bankruptcy at the time the petition in bankruptcy was filed, nor at any time during the pendency of that proceeding, and therefore Hanson's discharge in bankruptcy did not affect his liability on this claim. Section 63a of the Bankruptcy Act (11 USCA § 103(a) provides: "Debts of the bankrupt may be proved and allowed against his estate which are (1) a fixed liability, as evidenced by a judgment or an instrument in writing, absolutely owing at the time of the filing of the petition against him."

It is settled law in this state that a judgment from which an appeal is pending on either a supersedeas or cost bond is not a final judgment entitled to admission as evidence of indebtedness claimed to have been fixed thereby. Texas Trunk Ry. Co. v. Jackson, 85 Tex. 605, 22 S. W. 1030; Cunningham v. Holt, 12 Tex. Civ. App. 150, 33 S. W. 981; Faulk v. Sanderson, 89 Tex. 692, 36 S. W. 403; Van Natta v. Van Natta (Tex. Civ. App.) 200 S. W. 907; McDonald v. Ayres (Tex. Com. App.) 242 S. W. 192.

■ The lack of finality, in the purview of the Bankruptcy Act before quoted, in a judgment from which an appeal is taken on a cost bond, is not affected by the rule which permits the issuance of an execution and collection of the judgment pending the appeal, because the amount so collected must be restored in event the judgment is reversed on the appeal. Texas Trunk Ry. Co. v. Jackson, supra.

It cannot be said that, because the holder of such a judgment may collect and hold the amount thereof pending a final adjudication of his rights thereto, his claim is "a fixed liability absolutely owing" to him. It seems to us that this right to the amount of the judgment is no more fixed and absolute than it would be if the defendant had executed a supersedeas bond, and that the right to collect by execution and hold the proceeds pending a final determination of the appeal is given as security when the defendant in the judgment fails to give a supersedeas bond. It it not contended that this judgment would have been provable in bankruptcy if Hanson had executed a supersedeas bond, and all the authorities hold that it would not.

The wisdom, if not the necessity, for holding a judgment of this kind not provable in bankruptcy may well be rested upon the great delay that a contrary rule would affect in the bankruptcy proceedings, and the injury and inconvenience which might often thereby result to the creditors of the bankrupt, and ofttimes to the bankrupt. But we need not look for a reason for the rule when the plain and unambiguous language of the statute excludes such claims from its operation.

This conclusion is in apparent conflict with the opinion of United States Circuit Court of Appeals for the Ninth District in the case of Moore v. Douglas, 230 F. 399, but we are unable to agree in the conclusion reached by the court in that opinion as applicable to this case. The opinion in the case cited is based upon the assumption that the liability of the bankrupt was fixed and made absolute by the judgment of the trial court, and the only lack of finality in the judgment was the amount due by the bankrupt. The grounds upon which the appeal was predicated are not shown in the opinion, and it may be that the judgment of the trial court was final and conclusive upon the issue of liability. If this was true, that case can be distinguished from the instant case. Another difference in the facts of the two cases is that in the Moore Case the judgment of the trial court was affirmed by the Supreme Court and the liability of the bankrupt finally "fixed," and the amount of such liability was "absolutely owing" by the bankrupt at the time the referee refused to allow the claim. But be that as it may, as applied to the instant case, we cannot agree in the conclusion reached by the court in the Moore Case, supra, and, the opinion in that case not having been approved by the United States Supreme Court, we do not feel constrained to follow it if it cannot be distinguished from this case.

■ But, regardless of whether Hanson's discharge in bankruptcy operated as a release of liability on the judgment in favor of the interveners, he failed to plead his discharge as a defense to the Haymans' claim under the judgment in their favor. Dimock v. Revere Copper Co., 117 U. S. 559, 6 S. Ct. 855, 29 L. Ed. 994; Scott v. Ellery, 140 U. S. 381, 12 S. Ct. 233, 35 L. Ed. 1050.

We know of no rule of law or principle of equity which permits the appellant to plead Hanson's discharge in bankruptcy in defense of his suit to require it to comply with the obligations of its contract for which it had received full consideration, and which by the judgment against Hanson has become an absolute liability.

By the express terms of its contract with Hanson, appellant, when the judgment against Hanson was affirmed by the Supreme Court, became liable and promised to "pay and satisfy said judgment and protect the assured (Hanson) against the levy of any execution on said judgment" to the extent of the amount specified in the policy. The existence of the conditions which fixed the absolute liability of appellant to pay according to its contract and protect Hanson are shown by the undisputed evidence. American Indemnity Co. v. Fellbaum, 114 Tex. 127, 263 S. W. 908, 37 A. L. R. 633. Whether Hanson was discharged from liability on this judgment or not, the judgment had not been paid and the Haymans were seeking to enforce its payment by execution. As before said, Hanson was under no duty to appellant to claim his discharge in bankruptcy, if such defense to interveners attempt to enforce their judgment was available, and appellant will not be heard to make such defense. The debt was unpaid, and the moral obligation which rests upon a bankrupt after his discharge to pay his honest debts, which has been uniformly held a sufficient consideration to support a contract, was just as potent and impelling to prevent Hanson making a plea of discharge in bankruptcy to enable appellant to defeat its just liability to pay the amount due under its contract, and deprive his creditors, the Haymans, of the benefit of such payment.

By analogy, the case of Sibley v. Mason, by the Supreme Court of Massachusetts, 196 Mass. 125, 81 N. E. 887, 12 L. R. A. (N. S.) 1173, 124 Am. St. Rep. 520, 12 Ann. Cas. 938, supports our views upon this question. The suit was for damages for personal injuries, and among the items of damages claimed were debts incurred for the services of a physician. These debts had been scheduled and proven in bankruptcy proceedings in which plaintiff had been adjudged a bankrupt. The defendant tried to defeat these claims on the ground that plaintiff's discharge in bankruptcy released him from liability therefor. In discussing this question the court says: "The final question argued is that the plaintiff was not entitled to recover for debts incurred for physicians' services, never paid by the plaintiff, but proved against his estate in bankruptcy or included in his schedules. A plaintiff in an action for personal injury is entitled to recover for reasonable expenditures for nursing and physicians' care rendered necessary by the wrongful act of the defendants. (Citing cases.) It may be assumed that the bills incurred by the present plaintiff for physicians' services would be barred by his discharge in bankruptcy. This fact, however, does not prevent the plaintiff from treating such obligations as debts of honor. It is through no virtue of the defendants that the plaintiff will be enabled to interpose any defense to the payment of a reasonable charge for these services for the amelioration of his sufferings, but rather the clemency of the law to his financial distress. Under these circumstances, the law ought not to

prevent or discourage the exercise of. a debtor's conscience respecting his past indebtedness."

It seems to us that the facts of this case call more loudly for the operation of the principle announced in the cited case than do the facts of that case.

■ We also agree with appellees that the indemnity obligation of appellant to Hanson was not an asset in which any of the creditors of Hanson other than the Haymans had any interest, and therefore the trustee in bankruptcy acquired no title to Hanson's claim under the policy issued by appellant.

By the terms of the policy appellant did not obligate itself to pay Hanson any sum, but limits its obligation to payment of any final judgment against him within the amount specified in the policy. We are unable to see what interest the trustee or the other creditors could possibly have in the proceeds of this judgment. In scheduling the judgment against him, Hanson states that appellant is liable for $5,000 of the amount of the judgment, and, as so scheduled, the claim against the bankrupt estate is only for the balance of the judgment.

This conclusion disposes of appellant's claim that Hanson had no right to maintain this suit because the title to the chose in action arising on the insurance policy passed to the trustee in bankruptcy, and obviates the necessity of our determining whether the record shows such failure or refusal of the trustee to accept and administer a chose in action which passed to him by the filing of the schedule and adjudication of bankruptcy, or would authorize the bankrupt to maintain the suit.

We shall not discuss the remaining questions presented by the briefs.

As before said, we are of opinion that the judgment should be affirmed, and it has been so ordered.

Affirmed.