**EMPLOYERS' LIABILITY ASSUR. CORPORATION, LIMITED, OF LONDON, ENGLAND, v. BODRON.** \*

No. 6837.

Circuit Court of Appeals, Fifth Circuit.

June 3, 1933.

*Rehearing denied August 14, 1933.

Chas. F. Engle and S. B. Laub, both of Natchez, Miss., for appellant.

A. A. Chaney, and J. H. Culkin, both of Vicksburg, Miss., for appellee.

Before BRYAN, FOSTER, and HUTCHESON, Circuit Judges.

BRYAN, Circuit Judge.

Appellee recovered judgment in a Mississippi state court against Joseph T. Nosser on the ground of his negligently driving his automobile and injuring her while she and others were riding with him by his invitation. Appellant defended the action pursuant to a policy it had issued to Nosser, by the terms of which it agreed to defend in the name of the assured suits brought against him for damages on account of accidental injury resulting from the operation of his automobile. An appeal was taken to the Supreme Court of Mississippi, but without supersedeas bond, and that court affirmed the judgment. Before the time allowed for a petition for rehearing had expired, appellee sued out a writ of garnishment against appellant. The latter removed the proceeding against it to the federal court, where a trial before the district judge without a jury resulted in a judgment against appellant as garnishee for the amount of liability named in the policy.

■■ This last-named judgment appellant seeks to reverse on two principal grounds. The first is that the writ of garnishment did not lie because it was sued out prematurely, and also because appellant could be held liable only in an independent action after Nosser had paid the judgment against him, and this he had not done. Supersedeas was not granted because a supersedeas bond was not

given. The judgment therefore was enforceable even before the Supreme Court affirmed it, and so the plaintiff in execution was not bound to await a denial of the petition for rehearing. A clause of the policy bound the insurer to settle all pertinent claims resulting in liability. The policy was not one which provided for indemnity in case of loss. As the assured became liable by reason of the judgment against him, so did the insurer. If the policy be one of indemnity against liability as distinguished from indemnity against loss, the insurer is subject to garnishment by an injured person who has recovered judgment on a claim which is within the protection of the policy. 5 Couch on Insurance 4186; 28 C. J. 166. The other ground of defense is that the insurer was not liable because Nosser failed to comply with a clause of the policy which bound him to render to the insurer "all co-operation and assistance in the Assured's power." Appellant offered evidence tending to show that Nosser misled and deceived it, by stating shortly after the accident that he was driving about 30 miles an hour in gravel about a foot deep, and that neither appellee nor any one in the car with him requested him to drive at a more moderate rate of speed or made any protest that he was in any way negligent, and by testifying when called as a witness for appellee that he was driving about 35 miles an hour, that appellee and others in the car protested against his driving so fast and requested him to drive more slowly or let them out, and that the road was so dusty that it interfered with his vision. Complaint was also made that Nosser in his testimony at the trial repudiated a notice of affirmative defense under the plea of the general issue to the effect that appellee failed to remonstrate with him about his manner of driving the automobile. In contradiction of this evidence, Nosser testified on this trial that the statement which he signed did not contain all the facts which he had narrated to the agents of the insurer, that he told them from the beginning that the road was dusty; that appellee and his mother had protested just before the accident that he was driving negligently and too rapidly; that his testimony was not different from statements he had made to representatives of the insurer before the trial; that he signed statements which were not true at their request, but notified them he would not stand by them if called as a witness; that representatives of the insurance company refused to allow him to employ his own lawyer, and insisted upon his signing statements prepared by them. There is not much difference in his statements before and at the trial as to speed; and there is none as to the condition of the road. Whether he told them about the dust or not does not seem to be very material, since it is admitted that the weather was very dry, and that in dry weather gravel roads are very dusty. The only important difference is as to whether he misled the insurance company by stating that no protests or remonstrances were made by the passengers. It cannot very well be said as a matter of law that one driving even 30 miles an hour in heavy gravel over a road obscured by dust is in the exercise of due care. Friis v. Gahan, 139 Miss. 375, 104° So. 170. It is a violation of law in Mississippi to drive an automobile at a greater rate of speed than is reasonable and proper, or to drive so as to endanger life and limb. Mississippi Code, § 5569. Nosser's agreement to co-operate with the insurer in defending the suit against him of course did not obligate him to misrepresent the facts. Whether he co-operated in a legitimate way was a question as to which there was substantial conflict in the evidence. That conflict was settled in favor of appellee by the trier of facts, and is not open for review here.

The judgment is affirmed.