Myers, J.
 

 This cause concerns the right, by way of supplemental petition, of the plaintiff to recover against a liability insurance company where a judgment has previously been secured against the trustee in bankruptcy of the insured. It is urged by the insurance company that the statute requires the judgment to have been secured against the insured instead of against the trustee in bankruptcy. This requires examination of the statute, Section 9510-4, General Code,,^ which reads as follows:
 

 “Upon the recovery of a final judgment against any firm, person or corporation by any person, including administrators and executors, for loss or damage
 
 *453
 
 on account of bodily injury or death, for loss or damage to tangible or intangible property of any person, firm, or corporation, for loss or damage on account of loss or damage to tangible or intangible property of any person, firm, or corporation, for lpss or damage to a person on account of bodily injury to his wife, minor child or children if the defendant in sueh action was insured against loss or damage at the time when the rights of action arose, the judgment creditor or his successor in interest shall be entitled to have the insurance money provided for in the contract of insurance between the insurance company and the defendant applied to the satisfaction of the judgment, and if the judgment is not satisfied within thirty days after the date when it is rendered, the judgment creditor or his successor in interest, to reach and apply the insurance money to the satisfaction of the judgment, may file in the action in which said judgment was rendered, a supplemental petition wherein the insurer is made new party defendant in said action, and whereon service of summons upon the insurer shall be made and returned as in the commencement of an action at law. Thereafter the action shall proceed as to the insurer as in an original action at law.”
 

 It is urged by the plaintiff that in respect to the ■ original claim and judgment the trustee stands in the shoes of the bankrupt. The plaintiff claims that all bankruptcy matters are equity matters and to facilitate the collection of insurance to this particular creditor the bankruptcy court had the right to say “you may sue the trustee in bankruptcy of H. W. Morris, Inc., who stands in the shoes of the bankrupt for the purpose of obtaining a judgment against the assured. ’ ’ The plaintiff quotes from
 
 Southern Dairies, Inc.,
 
 v.
 
 Banks
 
 (1937), 92 F. (2d), 282, as follows: “The trustee is vested by law with the title of the bankrupt * * * as of the date the petition in bankruptcy
 
 *454
 
 was filed.” But when the petition in bankruptcy was filed the bankrupt had no assets in respect to the insurance policy. All the bankrupt had, if anything, in respect to the plaintiff, was a liability. And all the plaintiff had against the bankrupt was a tort claim not provable as such against the estate. The statute in question does not deal with claims but with judgments. Nor do we have here for consideration the question of a judgment against one under mental disability or against the personal representative of a decedent who was insured.
 

 The contract between the insured and the insurance company was not made with reference to any proceedings in bankruptcy. The power of the federal court to, grant permission to the creditor, under the instant facts, to file an action against either the insured -or the trustee is not in issue here. The issue here is the character of the judgment that will bind .the insurance company and reach its funds. The contract was made with reference to the statute and the statute refers to a judgment against the insured. Here the insured was Morris, Inc., and not the trustee in bankruptcy. It is true that the trustee is vested with title to the assets of the bankrupt as provided by law. But a tort claim against the bankrupt is not an asset of the latter but a liability, and is not even provable against the estate until reduced to judgment.
 
 Marotta
 
 v.
 
 American Surety Co. of New York
 
 (C. C. A. 1, 1932), 57 F. (2d), 829, reversed on other grounds (1933), 287 U. S., 513, 77 L. Ed., 466, 53 S. Ct., 260. And it has been held that such a policy is not an asset in which any of bankrupt’s creditors, other than judgment creditors having claims covered by the policy, had any interest, and therefore a trustee in bankruptcy acquired no title thereto.
 
 Fidelity Union Casualty Co.
 
 v.
 
 Hanson
 
 (Tex. Civ. App.), 26 S. W. (2d), 395, affirmed (Tex. Comm. of App.), 44 S. W. (2d), 985, certiorari denied, 287
 
 *455
 
 U. S., 599, 77 L. Ed., 522, 53 S. Ct., 12. Also, see
 
 In re Fay Stocking Co.
 
 (C. C. A., 6), 95 F. (2d), 961.
 

 However, it might he claimed that here is an equity for the creditors in that if this creditor’s claim is met in full from the insurance money, the rest of the assets of the estate will he distributed among the remaining creditors, thereby enhancing their interests accordingly: Here again, however, it must be stated that since the statute is in derogation of the common law it must be strictly construed. Under the statute a condition precedent to recovery against the insurance company is a judgment against a “defendant” who “was insured against loss or damage at the time when the right of action arose.” The trustee was not covered by the policy of insurance. Whatever equity there may be directly for the plaintiff or indirectly for the estate must be secured by complying with the statute even as it reads.
 

 Still another indication that coverage for a trustee in bankruptcy was not intended is the allegation in the petition that the policy provided that “The policy shall be void if assigned without written consent.” Assignment of the policy is not pleaded, nor would there be any assignment by operation of law under the foregoing provision, the instant facts and the statute here involved, for the purpose of reaching the insurance money.
 

 We come to the conclusion, therefore, that the insurance policy and the statute respectively intended insurance coverage for and a judgment against one party alone — the insured, Morris, Inc.
 

 No judgment having been obtained against the insured, as provided by Section 9510-4, General Code, the trial court was not in error in sustaining the demurrer to the second amended supplemental petition.
 

 Determination of the foregoing issue being dis-positive of the case, it becomes unnecessary to examine the other question submitted.
 

 
 *456
 
 The judgment of the Court of Appeals will be reversed and the judgment of the Court of Common Pleas affirmed.
 

 Judgment reversed.
 

 Zimmerman, Matthias and Hart, JJ., concur. Weygandt, C. J., Day and Williams, JJ., dissent.