**Donald James FIX, Plaintiff-Appellant,**

v.

**AUTOMOBILE CLUB INTER–INSURANCE EXCHANGE, Defendant-Respondent.**

**No. 52143.**

Supreme Court of Missouri, Division No. 1.

April 10, 1967.

Daniel, Raskas, Ruthmeyer & Schneider, Jerome F. Raskas and Bernard A. Ruthmeyer, St. Louis, for plaintiff-appellant.

John S. Marsalek, Moser, Marsalek, Carpenter, Cleray & Jaeckel, St. Louis, for respondent.

WELBORN, Commissioner.

The question here presented is whether a judgment creditor may maintain an action, under § 379.200, RSMo 1959, V.A.M.S., in the courts of this state, against the liability insurer of the judgment debtor, after the debtor had filed a voluntary petition in bankruptcy. The trial court held that, in view of the pending bankruptcy proceedings, the state court had no jurisdiction of the action. The plaintiff appealed.

Plaintiff, Donald James Fix, on April 8, 1963, obtained a $30,000 judgment in the Circuit Court of St. Louis County against Dale Ernst for personal injuries in an automobile accident. On March 31, 1964, Ernst filed a voluntary petition in bankruptcy in the United States District Court for the Eastern District of Missouri.

Plaintiff's judgment of April 8, 1963 not having been satisfied, on May 26, 1964, he instituted this action pursuant to § 379.200, RSMo 1959, V.A.M.S., alleging that defendant had issued a policy of liability insurance which covered Ernst's liability on the judgment within a $25,000 limit of liability. The petition sought judgment against defendant for $25,000.00.

Defendant filed a motion to dismiss this action on the grounds that, if the liability of Ernst was covered by a policy issued by defendant, which defendant denied, the alleged obligation of defendant under the policy was the property of the bankrupt estate and "sole and exclusive jurisdiction is vested in said United States District Court to determine whether any such policy exists, as plaintiff alleges, to determine all controversies with respect thereto, and to collect and distribute all sums found by the Court to be due thereunder." Attached to the motion is a copy of the petition in bankruptcy, but the schedules are not shown in the transcript here. On the basis of the motion, the trial court dismissed the petition, and this appeal followed.

§ 379.200, RSMo 1959, V.A.M.S., provides:

"Upon the recovery of a final judgment against any person, firm or corporation by any person, including administrators or executors, for loss or damage on account of bodily injury or death, or damage to property if the defendant in such action was insured against said loss or damage at the time when the right of action arose, the judgment creditor shall be entitled to have the insurance money, provided for in the contract of insurance between the insurance company, person, firm or association as described in Section 379.195, and the defendant, applied to the satisfaction of the judgment, and if the judgment is not satisfied within thirty days after the date when it is rendered, the judgment creditor may proceed in equity against the defendant and the insurance company to reach and apply the insurance money to the satisfaction of the judgment."

There can be no doubt that, as plaintiff contends, this section gives a judgment creditor a direct right of action against the insurer. The right conferred by this sec-

tion has been described as "substantive." State ex rel. Anderson v. Dinwiddie, 359 Mo. 980, 224 S.W.2d 985, 987; State ex rel. McCubbin v. McMillian, Mo.App., 349 S.W.2d 453, 467 [20].

■ However, the supremacy of federal bankruptcy laws, enacted pursuant to § 8 of Article I of the Constitution of the United States, is clearly established. Kesler v. Department of Public Safety, 369 U.S. 153, 82 S.Ct. 807, 7 L.Ed.2d 641; 9 Am. Jur.2d, Bankruptcy, § 11, p. 54. If the bankruptcy laws have caused the liability of the insurer, in a situation such as this, to be considered part of the estate of the bankrupt, § 11(a) (7) of Title 11, U.S.C.A., might well place this action within the exclusive jurisdiction of the Courts of Bankruptcy.

The respondent relies upon § 110 of Title 11, U.S.C.A., as vesting in the trustee in bankruptcy, the claim to recover the proceeds of the liability policy alleged to have been issued by respondent. The portions of § 110 relied upon are as follows:

"Sec. 110. Title to Property.

"(a) The trustee of the estate of a bankrupt * * * shall * * * be vested by operation of law with the title of the bankrupt as of the date of the filing of the petition * * * to all of the following kinds of property * * * (1) documents relating to his property; * * * (5) property, including rights of action, which prior to the filing of the petition he could by any means have transferred or which might have been levied upon and sold under judicial process against him, or otherwise seized, impounded, or sequestered: * * *; (6) rights of action arising upon contracts, * * *.

"(c) The trustee may have the benefit of all defenses available to the bankrupt as against third persons * * *. The trustee, as to all property, whether or not coming into the possession or control of the court, upon which a creditor of the bankrupt could have obtained a lien by legal or equitable proceedings at the date of bankruptcy, shall be deemed vested as of such date with all the rights, remedies, and powers of a creditor then holding a lien thereon by such proceedings, whether or not such a creditor actually exists."

Respondent contends that the policy of insurance would be a document relating to the bankrupt's property, within the meaning of sub-paragraph (1) supra, because the insured had a right to sue respondent on the policy for nonpayment of a liability covered by it. See DeWalt v. State Farm Mutual Automobile Ins. Co., 8th Cir., 99 F.2d 846, cert. denied, 306 U.S. 644, 59 S.Ct. 583, 83 L.Ed. 1043. Respondent also contends that, for the same reason, the claim passed to the trustee as a right of action arising upon a contract, within the meaning of sub-paragraph (6). Respondent further contends that the proceeds of the policy are within the meaning of sub-paragraph (5) because the insurance proceeds were subject to being levied upon or sequestered, the right of the judgment creditor not being limited to the statutory procedure which appellant elected to pursue. See Lajoie v. Central West Casualty Co., 228 Mo.App. 701, 71 S.W.2d 803; Brucker v. Georgia Casualty Co., 326 Mo. 856, 32 S.W.2d 1088; Wehrhahn v. Ft. Dearborn Casualty Underwriters, 221 Mo.App. 230, 1 S.W.2d 242.

Neither party has cited a case which has involved exactly the question here presented. Appellant has been content to rely upon the Missouri statute and cases decided under it, none of which involved a situation such as this. Respondent, commendably, has called our attention to In re Fay Stocking Co., 6th Cir., 95 F.2d 961, as containing language which is contrary to its position here and which respondent would minimize as dictum. In Fay Stocking, one Helen Piggott had obtained a judgment for $18,500 against a bankrupt for personal injuries resulting from an automobile accident. She filed a claim in bankruptcy for the full amount of her judgment. While the claim was pending, the bankrupt's insurer paid the claimant $5,000

on the judgment debt. The question was whether the claimant was a secured creditor entitled to prove only the difference between the value of the security (the insurance coverage) and the amount of her claim. In considering this question, the court stated (95 F.2d 962–963):

"Appellant contends that the bankrupt has a proprietary interest, consisting of a chose in action, in the insurance policy; that the interest is of a nature to be assignable and is property of the bankrupt which the appellee holds as security for her claim, and that the District Court therefore erred in allowing appellee to prove her full claim. He deduces this conclusion from the fact that the policy is one of insurance against liability, not one of indemnity against damage sustained by payment of a liability. (Cf. Schambs v. Fidelity & Casualty Co. of New York, 6 Cir., 259 F. 55, 6 A.L.R. 1231), entitling the insured to sue upon the policy as soon as judgment is taken, and prior to actual loss arising from payment. Ohio Casualty Ins. Co. v. Beckwith, 5 Cir., 74 F.2d 75. He contends that the insurer is subject to garnishment proceedings brought by a judgment creditor who has recovered on a claim which is covered by the policy (Employers' Liability Assur. Corp., etc. v. Bodron, 5 Cir., 65 F. 2d 539, 540), and that therefore the assured's interest in the policy constitutes property of the bankrupt. Under section 70(a) of the Bankruptcy Act, Title 11, § 110(a), U.S.C.A., the trustee succeeds to the rights of action of the bankrupt arising upon contracts, and hence appellant urges that appellee was secured by property of the bankrupt of a nature to be assignable.

"We question whether the bankrupt's right to enforce this policy constituted property of the bankrupt within the meaning of the Bankruptcy Act. Even under the rule announced in Employers' Liability Assur. Corp., etc. v. Bodron, supra, only such creditors as those whose claims against the assured arise out of personal injury covered by the policy in suit may assert a successful claim to the insurance fund, and the assured or its trustee, if either of them collects from the insurer, rests under a legal obligation to hold the funds collected in trust for the injured party. But the conclusive answer to appellant's contention lies in the fact that appellee, after judgment, was protected by her own property right in the policy, and not by that of the bankrupt. Both the contract of insurance and the Ohio statute gave her a right of action against the insurer. The policy obligated the insurer to 'pay and satisfy judgments rendered against the Assured' arising out of the operation of an automobile belonging to the assured."

We find this reasoning highly persuasive, legally and practically sound, and, in the absence of contrary authority, a sufficient answer to respondent's position. Respondent does not question that the Missouri statute which appellant relies upon conferred a substantive right upon appellant to proceed in his own right to enforce his claim against respondent. The right of action is not derived from the bankrupt. The claim is not advanced on behalf of the bankrupt or his estate. Appellant is entitled to enforce it against the insurer in the courts of this state. See Fidelity Union Casualty Co. v. Hanson, Tex.Civ. App., 26 S.W.2d 395, affirmed, Tex.Comm. App., 44 S.W.2d 985, cert. denied, 287 U.S. 599, 53 S.Ct. 12, 77 L.Ed. 522; Gross Galesburg Co. v. Ingalls, 136 Ohio St. 450, 26 N.E.2d 440, 442; 3 Remington on Bankruptcy, § 1251, p. 118; 9 Am.Jur.2d, Bankruptcy, § 923, p. 693.

We do not agree with respondent that the question in this case was, in effect, determined in State of Missouri v. Angle, 8th Cir., 236 F. 644. In that case, the controversy was between a receiver appointed by a state court and the trustee in bankruptcy. The court found the property involved to be that of the bankrupt, and therefore to be administered by the trustee in bankruptcy. Here, the trustee in bankruptcy is making no claim. The plaintiff is

merely seeking to enforce, in his own right, a cause of action given by Missouri law.

§ 110(c), supra, does not cause title to this property to be vested in the trustee because the appellant might have obtained a lien thereon. That "strong arm" provision does not enlarge upon the previous provision defining the property which passes to the trustee. 9 Am.Jur.2d, Bankruptcy, § 857, p. 637.

The judgment is reversed, and the cause remanded with directions to reinstate plaintiff's petition.

HOUSER and HIGGINS, CC., concur.

PER CURIAM:

The foregoing opinion by WELBORN, C., is adopted as the opinion of the Court.

All of the Judges concur.